IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MICHAEL AVENATTI, | : | |
| | : | |
|     Plaintiff | : | |
| v. | : | C.A. No. 1:20-cv-01541-MN |
| | : | |
| FOX NEWS NETWORK, LLC, | : | |
| a Delaware Limited Liability Company; | : | |
| SEAN HANNITY; LAURA INGRAHAM; | : | **JURY TRIAL DEMANDED** |
| MARIA BARTIROMO; | : | |
| HOWARD KURTZ; SHANNON BREAM; | : | |
| BRET BAIER; TRISH REGAN; | : | |
| RAYMOND ARROYO; JON SCOTT; | : | |
| LELAND VITTERT, and JONATHAN | : | |
| HUNT, | : | |
| | : | |
|     Defendants | : | |

**PLAINTIFF'S MOTION FOR REMAND**

Plaintiff Michael Avenatti respectfully moves this Court for the entry of an Order of Remand remanding this case to the Superior Court of the State of Delaware and, in support, states as follows:

**I.    INTRODUCTION**

Defendant Fox News Network, LLC ("Fox News"), a Delaware limited liability company, originally removed this case to this Court on the sole basis of diversity of citizenship between Plaintiff and all Defendants. Two days later, Plaintiff amended his complaint as a matter of right under FRCP 15. As a result of Plaintiff's well-pled amended complaint, complete diversity between the Plaintiff and all Defendants no longer exists and Defendant Fox News, as the party asserting jurisdiction, cannot meet their burden of showing the action is properly before this Court. Accordingly, this Court lacks subject matter jurisdiction and must remand the action to the Superior Court.

1

Prior to the filing of this motion, Plaintiff's Delaware counsel conferred with counsel for the removing defendant – Fox News Network, LLC – and requested that defendant consent to remand. Defendant refused, thus necessitating the filing of this Motion. For each of the reasons set forth below, this Court should remand the case to the Delaware Superior Court.

## II.  FACTUAL BACKGROUND

On Thursday, November 12, 2020, Plaintiff filed this civil action in the Superior Court of the State of Delaware. That same day, Plaintiff's process server served a copy of the complaint and an unsigned summons on Defendant Fox News, a citizen of the State of Delaware, by way of hand delivery to Corporation Trust Company, Fox News' agent for service of process. [ECF No. 1, Exhibit 1].

Four days later, on November 16, 2020, Defendant Fox News removed the action to this Court on the sole basis of diversity jurisdiction pursuant to 28 U.S.C. § 1441(a), claiming that even though Defendant Fox News had received a copy of the complaint and an unsigned copy of the summons via its agent for service of process in Delaware, they had not been "served" because the summons was unsigned. [ECF No. 1].[1]

On November 19, 2020, Plaintiff filed his First Amended Complaint as a matter of right under Federal Rule of Civil Procedure 15. [ECF No. 3 ("FAC")]. In the amended complaint, Plaintiff added factual allegations and made further revisions to the original complaint. Included among the changes were additional allegations against Mr. Jonathan Hunt, a citizen of California

---

[1] Plaintiff does not concede this point. For the purpose of the motion, however, it is unnecessary for the Court to determine whether Defendant Fox News was "served" prior to filing its Notice of Removal.

who had been referenced in the original complaint but not named as a defendant. Plaintiff also then named Mr. Hunt as an individual defendant.

### III.  LEGAL STANDARD

Under 28 U.S.C. § 1441(a), a defendant may remove a state-court action to the encompassing federal district court only if "the district courts of the United States have original jurisdiction" over the case. 28 U.S.C § 1441(a). Federal district courts have original subject matter jurisdiction "only in two situations—federal question jurisdiction and diversity jurisdiction." *Wilmington Sav. Fund Soc'y FSB v. Velardi*, No. 3:18-CV-02209, 2019 WL 3676480 (M.D. Pa. Aug. 6, 2019) (citing 28 U.S.C. § 1331).

A party may remove a case from state court to federal court under U.S.C. § 1441 if the matter is one over which the federal court has original jurisdiction. If the jurisdiction is based on diversity of citizenship, complete diversity must exist and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a). When a case involves multiple parties, there must be complete diversity; "no plaintiff [may] be a citizen of the same state as any defendant." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010). If jurisdiction no longer exists <u>at any time after a case has been removed</u>, the federal court must remand the case back to state court. 28 U.S.C. § 1447(c). "The party asserting jurisdiction bears the burden of showing the action is properly before the federal court." *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 219 (3d Cir. 2005).

When the addition of a non-diverse defendant destroys diversity jurisdiction, the district court will remand the case back to state court unless the removing defendant can show that the non-diverse party was fraudulently joined. *See Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992). If the defendant asserts a claim of fraudulent joinder, they bear a "heavy burden

3

of persuasion." *Id*. (quoting *Steel Valley Author v. Union Switch & Signal Div.*, 809 F.2d 1006, 1012 N. 6 (3d Cir. 1987). Indeed, "removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand." *Steel Valley Author v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987).

Fraudulent joinder occurs " 'where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant . . . .' " *Id*. (quoting *Boyer v. Snap-On Tools, Corp.*, 913 F.2d 108, 111 (3d Cir. 1990), cert. denied, 498 U.S. 1085 (1991). This requires a detailed finding that claims against the non-diverse defendant are " 'wholly insubstantial and frivolous,' " and recovery is a <u>legal impossibility</u>. *In re Briscoe*, 448 F.3d 201, 218 (3d Cir. 2006) (quoting *Batoff*, 977 F.2d at 852) (emphasis added); *see also Kallman v. Aronchick*, 981 F. Supp. 2d 372, 380 (E.D. Pa. 2013) (only if the plaintiff's claims are "wholly insubstantial and frivolous" will the court find fraudulent joinder).

In making this determination, the district court must consider the plain language of the plaintiff's complaint and its allegations, assuming all factual allegations as true and resolving any uncertainties in the facts or the law in plaintiff's favor. *Batoff*, 977 F.2d at 851-2 (quoting *Steel Valley*, 809 F.2d at 1010); *see also Boyer v. Snap-On Tools, Corp.*, 913 F.2d 108, 111 (3d Cir. 1990), cert. denied, 498 U.S. 1085 (1991). If the state court could find that the plaintiff's allegations are <u>plausible</u>, the district court must remand the case to state court. *Id*. For the joinder to be fraudulent, plaintiff's failure to state a claim must be "obvious according to the rules of the state." *Boyer*, 913 F.2d at 112. "If there is even **a possibility** that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." *Boyer*, 913 F.2d at 111 (emphasis added).

4

Importantly, the jurisdictional inquiry must be evaluated under a different, lower standard than a motion to dismiss.  *Batoff*, 977 F.2d at 851.  <u>The court may not base the remand analysis on the merits of a claim</u>.  *See id*. at 852 (finding that the district court "erred in converting its jurisdictional inquiry into a motion to dismiss").  The court may not find that a party was fraudulently joined based on the merits of the claims or defenses against the non-diverse party.  *In re Briscoe*, 448 F.3d 201, 218 (3d Cir. 2006).  Instead, mere sufficient allegations in a complaint concerning the non-diverse defendant will defeat diversity jurisdiction.  *Id. at 218-19*.[2]

## IV.  ARGUMENT

### A. Subject Matter Jurisdiction is Lacking Because There is Not Complete Diversity Between Plaintiff and All Defendants

Both Plaintiff and Mr. Hunt are residents and citizens of the State of California.  FAC ¶¶ 4, 16.  As a result, there is not complete diversity and the Court lacks subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a).  *See Zambelli Fireworks Mfg. Co*, 592 F.3d at 419.  Accordingly, the case must be remanded to the Superior Court of the State of Delaware.

### B. Defendant Hunt Has Not Been Fraudulently Joined

---

[2] In cases where the complaint has not been amended as a matter of right, some courts have found that an equitable standard applies when ruling on a motion to permit joinder of non-diverse defendants.  Under this approach, the court conducts an inquiry into the *Hensgens* factors, a test arising from the Fifth Circuit.  *See Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987).  This standard, however, is inapplicable here as plaintiff promptly amended his complaint as a matter of right under Federal Rule of Civil Procedure 15.  *See, e.g., O'Keefe v. Hess Corp.*, 2010 WL 3522088, at *8 (D.N.J. Sept. 1, 2010), *report and recommendation adopted*, 2010 WL 4102848 (D.N.J. Oct. 15, 2010 (finding that defendants properly focused their argument on fraudulent joinder where the complaint was amended as a matter of right.); *City of Perth Amboy v. Safeco Ins. Co. of Am.*, 539 F. Supp. 2d 742, 754 n. 2 (D.N.J. 2008) ("had plaintiff simply filed an amended pleading including claims against [newly joined Defendant], the appropriate analysis would be one of fraudulent joinder"); *Confessore v. AGCO Corp., 2015 WL 4430472*, at *4 n. 4 (D.N.J. July 20, 2015) (applying the *Hensgens* factors but noting that the fraudulent joinder analysis would apply "in circumstances when a party has already been joined to an action").

In his detailed complaint spanning over 40 pages, Plaintiff has properly alleged defamation against Defendant Hunt based on numerous statements made by Mr. Hunt in November 2018. *See, e.g.*, FAC ¶¶ 86, 87, 96, 101-113, 132-138. Among other things, Mr. Hunt is alleged to have committed defamation *per se* under Delaware law by knowingly and falsely accusing Mr. Avenatti of having committed a serious felony – assault and domestic violence against a woman. Accepting the factual allegations in the complaint as true and resolving any uncertainties in the facts and law in plaintiff's favor, as required, there can be little question that Plaintiff's claims are neither insubstantial nor frivolous. Further, there is more than a possibility that a state court may find that the detailed complaint states a valid cause of action against Mr. Hunt, especially under the notice pleading standard of Delaware and well-established Delaware law relating to defamation. *See, e.g.*, *Doe v. Cahill*, 884 A.2d 451 (Del. 2005) (discussing the elements of a valid defamation claim and holding that actual malice need not be proven until trial); *Preston Hollow Capital LLC v. Nuveen LLC*, 216 A.3d 1, 9 (Del.Ch. 2019).

Because Mr. Avenatti's claims against Mr. Hunt cannot "be deemed wholly insubstantial and frivolous," the "joinder [can] not be considered fraudulent." *In re Briscoe*, 448 F.3d at 218; *see also Batoff*, 977 F.2d at 853 (holding that the district court should have granted the plaintiff's motion to remand because "[i]t is evident from [the court's] inquiry that [it] cannot say that [plaintiff's] complaint is wholly insubstantial and frivolous"). Thus, the Court must remand the case to the Superior Court. "If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." *Boyer*, 913 F.2d at 111.

V.  **REQUEST FOR ORAL ARGUMENT**

Pursuant to Local Rule 7.1.4 of the Local Rules of the United States District Court for the District of Delaware, Plaintiff respectfully requests the Court allow oral argument on Plaintiff's Motion to Remand. Plaintiff believes that oral argument will be useful in that it will assist the Court in evaluating the legal and factual issues raised in the parties' briefing and give Plaintiff an opportunity to respond to any questions the Court may have. Plaintiff respectfully requests a 30-minute hearing.

### Certificate of Conference

Undersigned Delaware counsel certifies that, pursuant to D. Del. Local Rule 7.1.1, he has conferred with opposing counsel regarding the relief sought herein in a good faith effort to resolve the issues raised in this Motion. Counsel for the Defendant indicated that Defendant objects to the requested relief.

WHEREFORE, Plaintiff respectfully requests this Court grant his Motion to Remand and remand this case to the Superior Court of the State of Delaware.

DATED:  November 24, 2020

        SEITZ, VAN OGTROP & GREEN, P.A.

        /s/ R. Karl Hill
        R. KARL HILL (DE2747)
        222 Delaware Avenue, Suite 1500
        Wilmington, DE  19801
        (302) 888-7604
        khill@svglaw.com

        and

        Shawn R. Perez (pro hac to be filed)
        LAW OFFICES OF SHAWN R. PEREZ
        7121 West Craig Road, #113-38
        Las Vegas, NV  89129
        (720) 485-3977

## **CERTIFICATE OF SERVICE**

I, R. Karl Hill, Esquire, hereby certify that on November 24, 2020 I electronically filed the foregoing via CM/ECF which will send notification of such filing to counsel of record.

David E. Ross (DE 5228)
Eric D. Selden (DE 4911)
ROSS ARONSTAM & MORITZ LLP
100 South West Street, Suite 400
Wilmington, Delaware 19801
*Attorneys for Fox News Network, LLC*

/s/  R. Karl Hill
_____
R. Karl Hill (DE 2747)
khill@svglaw.com