## IN THE UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MICHAEL AVENATTI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 20-cv-01541-MN |
| | ) | |
| FOX NEWS NETWORK, LLC, a Delaware | ) | |
| Limited Liability Company; SEAN | ) | |
| HANNITY; LAURA INGRAHAM; MARIA | ) | |
| BARTIROMO; HOWARD KURTZ; | ) | |
| SHANNON BREAM; BRET BAIER; TRISH | ) | |
| REGAN; RAYMOND ARROYO; JON | ) | |
| SCOTT; LELAND VITTERT; and | ) | |
| JONATHAN HUNT, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DEFENDANTS' ANSWERING BRIEF IN
## <u>OPPOSITION TO PLAINTIFF'S MOTION TO REMAND</u>

ROSS ARONSTAM & MORITZ LLP

*Of Counsel*:

David E. Ross (Bar No. 5228)
Eric D. Selden (Bar No. 4911)
R. Garrett Rice (Bar No. 6242)

Eric M. George (admitted *pro hac vice*)
BROWNE GEORGE ROSS O'BRIEN
  ANNAGUEY & ELLIS LLP
2121 Avenue of the Stars, Suite 2400
Los Angeles, California 90067
(310) 274-7100
egeorge@bgrfirm.com

100 South West Street, Suite 400
Wilmington, Delaware 19801
(302) 576-1600
dross@ramllp.com
eselden@ramllp.com
grice@ramllp.com

*Attorneys for Fox News Network, LLC, Sean
Hannity, Laura Ingraham, Maria Bartiromo,
Howard Kurtz, Shannon Bream, Bret Baier,
Trish Regan, Raymond Arroyo, Jon Scott,
Leland Vittert, and Jonathan Hunt*

December 8, 2020

## <u>TABLE OF CONTENTS</u>

NATURE AND STAGE OF THE PROCEEDINGS ...................................................... 1

SUMMARY OF THE ARGUMENT ............................................................................. 1

STATEMENT OF FACTS ............................................................................................ 2

     A.    Plaintiff's Original Complaint .......................................................... 2

     B.    Fox Removes the Original Complaint & Plaintiff Reflexively Amends .............. 2

ARGUMENT ................................................................................................................ 3

I.     PLAINTIFF HAS NOT ESTABLISHED THE PROPRIETY OF HIS
     AMENDED COMPLAINT UNDER SECTION 1447(E) ................................. 4

     A.    Plaintiff's Amended Complaint Is Subject to Section 1447(e) ............. 4

     B.    Plaintiff's Limited Authority Does Not Render Section 1447(e)
          Inapplicable ................................................................................... 9

     C.    Plaintiff Has Not Carried His Burden of Establishing the Propriety of
          His Amended Complaint ................................................................. 9

          1.    Plaintiff's motive to defeat diversity jurisdiction weighs heavily
               against amendment ................................................................ 11

          2.    Plaintiff's timing weighs against amendment .............................. 12

          3.    The weakness of Plaintiff's time-barred claim, founded on a
               facially incorrect allegation, against a non-diverse defendant
               over whom there is no personal jurisdiction, as well as his
               ability to recover from other defendants, weighs against
               amendment ............................................................................ 13

          4.    Other factors bearing on the equities weigh against amendment .......... 16

II.    EVEN IF THE COURT APPLIES A FRAUDULENT JOINDER
     STANDARD, AMENDMENT SHOULD NOT BE PERMITTED ............................. 17

CONCLUSION ............................................................................................................ 19

## **TABLE OF AUTHORITIES**

**Cases**                                                                **Page(s)**

*A.F. McCaulley v. Purdue Pharma, L.P.*,
    172 F. Supp. 2d 803 (W.D. Va. 2001) ....................................................................6

*Alanis v. Allstate Ins. Co.*,
    2018 WL 2245076 (W.D. Tex. Jan. 4, 2018) .........................................................12

*Albino v. Home Depot*,
    2020 WL 2932946 (D.N.J. June 3, 2020) ........................................................11, 12

*Aldorasi v. Crossroads Hospitality & Mgmt. Co.*,
    344 F. Supp. 3d 814 (E.D. Pa. 2018) ....................................................................10

*Andreasen v. Progressive Express Ins. Co.*,
    276 F. Supp. 3d 1317 (S.D. Fla. 2017) ..................................................................13

*Ansley v. Metro. Life Ins. Co.*,
    215 F.R.D. 575 (D. Ariz. 2003) ...............................................................................5

*Aqua Connect, Inc. v. Code Rebel, LLC*,
    2012 WL 1535769 (C.D. Cal. Apr. 27, 2012) ..................................................13, 16

*Arndt v. Johnson & Johnson*,
    2014 WL 882777 (E.D. Pa. Mar. 6, 2014)..............................................................18

*Ascension Enters. Inc. v. Allied Signal, Inc.*,
    969 F. Supp. 359 (M.D. La. 1997)........................................................................5, 7

*ASGR Prop. Holdings, LLC v. U.S. Bank N.A.*,
    2011 WL 13324009 (W.D. Tex. Oct. 28, 2011) ...............................................6, 7, 12

*Batoff v. State Farm Ins. Co.*,
    977 F.2d 848 (3d Cir. 1992)......................................................................................9

*Bevels v. Am. States Ins. Co.*,
    100 F. Supp. 2d 1309 (M.D. Ala. 2000) ...............................................................5, 7

*Bioheart, Inc. v. Peschong*,
    2013 WL 1729278 (S.D. Fla. Apr. 22, 2013) ........................................................15

*Boon v. Allstate Ins. Co.*,
    229 F. Supp. 2d 1016 (C.D. Cal. 2002) .............................................................6, 13

*Bostrom v. Target Corp.*,
    2006 WL 3370176 (N.D. Ill. Nov. 21, 2006) ........................................................11

*Brcka v. St. Paul Travelers Cos.*,
　366 F. Supp. 2d 850 (S.D. Iowa 2005) ...................................................................5

*Brennerman v. Guardian News & Media Ltd.*,
　2015 WL 13730541 (D. Del. Dec. 29, 2015)................................................ 11-12, 16

*Brennerman v. Guardian News & Media Ltd.*,
　2016 WL 1271461 (D. Del. Mar. 30, 2016) ..........................................................18

*In re Briscoe*,
　448 F.3d 201 (3d Cir. 2006)..................................................................... 9, 17-18

*Brown v. Jevic*,
　575 F.3d 322 (3d Cir. 2009)...............................................................................18

*Bryant v. Kroger Co.*,
　2016 WL 1756916 (S.D. Ga. May 2, 2016)............................................................6

*Buttons v. Nat'l Broad. Co.*,
　858 F. Supp. 1025 (C.D. Cal. 1994) ...................................................................16

*Chan v. Bucephalus Alternative Energy Grp., LLC*,
　2009 WL 1108744 (N.D. Cal. Apr. 24, 2009) ........................................................6

*Chiaramonte v. First Fin. Ins. Co.*,
　2009 WL 602887 (E.D. La. Mar. 9, 2009) ...........................................................17

*City of Cleveland v. Deutsche Bank Tr. Co.*,
　571 F. Supp. 2d 807 (N.D. Ohio 2008)..................................................................6

*Clemens v. McNamee*,
　615 F.3d 374 (5th Cir. 2010) .............................................................................15

*Clinco v. Roberts*,
　41 F. Supp. 2d 1080 (N.D. Cal. 1999) ..................................................................7

*Cobb v. Delta Exports, Inc.*,
　186 F.3d 675 (5th Cir. 1999) ...............................................................................6

*Collins v. Nat'l Gen. Ins. Co.*,
　2010 WL 4259949 (E.D. Mich. Oct. 25, 2010) .......................................................5

*Cooper v. Thames Healthcare Grp., LLC*,
　2014 WL 941925 (E.D. Ky. Mar. 11, 2014).........................................................17

*Conoco, Inc. v. Skinner*,
　970 F.2d 1206 (3d Cir. 1992)...............................................................................7

*Danziger v. De Llano, LLP v. Morgan Verkamp LLC*,
    948 F.3d 124 (3d Cir. 2020)..................................................................................2

*Davis v. Owners Ins. Co.*,
    29 F. Supp. 3d 938 (E.D. Ky. 2014) ...................................................................13

*Dillard v. Albertson's, Inc.*,
    226 F.3d 642, 2000 WL 1029031 (5th Cir. July 7, 2000) (TABLE) ...................4, 5

*Dooley v. Grancare, LLC*,
    2015 WL 6746447 (N.D. Cal. Nov. 5, 2015) .........................................................7

*Dotson v. Elite Oil Field Servs., Inc.*,
    91 F. Supp. 3d 865 (N.D. W.Va. 2015) .................................................................5

*Dunham v. Heartland Express, Inc. of Iowa*,
    2015 WL 13753283 (N.D. Ga. Nov. 25, 2015) ......................................................6

*Ehrhardt v. Elec. & Instrumentation Unlimited of La.*,
    137 F. Supp. 2d 765 (E.D. Tex. 2001) ................................................................16

*Esposito v. Home Depot U.S.A., Inc.*,
    590 F.3d 72 (1st Cir. 2009)...................................................................................2

*Gallegos v. Safeco Ins. Co. of Ind.*,
    2009 WL 4730570 (S.D. Tex. Dec. 7, 2009) .......................................................12

*Glover v. Kia Motors, Am., Inc.*,
    2018 WL 1976033 (W.D. Tenn. Apr. 25, 2018)..................................6, 7, 8, 9, 12-13

*Grand Cru, LLC v. Liberty Mut. Ins. Co.*,
    2020 WL 6938359 (D.N.J. Nov. 25, 2020) ....................................................12, 17

*Grant v. Johnson & Johnson*,
    2017 WL 6812035 (S.D.N.Y. Dec. 19, 2017) .......................................................5

*Gum v. Gen. Elec. Co.*,
    5 F. Supp. 2d 412 (S.D. W. Va. 1998)................................................................16

*Hardin v. Wal-Mart Stores, Inc.*,
    813 F. Supp. 2d 1167 (E.D. Cal. 2011)............................................................5, 16

*Hauerwaus v. Allied Waste Servs. of N. Am., LLC*,
    2012 WL 1378460 (D. Mont. Mar. 26, 2012) .......................................................6

*Hensgens v. Deere & Co.*,
    833 F.2d 1179 (5th Cir. 1987) ........................................................10, 11, 12, 13

iv

*Ibis Villas at Miami Gardens Condo Ass'n., Inc. v. Aspen Specialty Ins. Co.*,
    799 F. Supp. 2d 1333 (S.D. Fla. 2011) ...............................................................6

*J. Lewis Cooper Co. v. Diageo N. Am., Inc.*,
    370 F. Supp. 2d 613 (E.D. Mich. 2005)...........................................................10

*John Doe # 4 v. Soc'y for Creative Anachronism, Inc.*,
    2007 WL 2155553 (E.D. Pa. July 25, 2007).................................................. 4-5

*Johnson v. Arden*,
    614 F.3d 785 (8th Cir. 2010) .............................................................................15

*Johnson v. Warner Bros. Ent'mt, Inc.*,
    2017 WL 588714 (D. Del. Feb. 14, 2017)................................................... 13-14

*Land v. Yamaha Motor Corp.*,
    2000 WL 33226317 (S.D. Ind. Dec. 20, 2000)........................................... 16-17

*Lapine v. Seinfeld*,
    918 N.Y.S.2d 313 (N.Y. Sup. Ct. 2011) ...........................................................15

*Lehigh Mech., Inc. v. Bell Atl. Tricon Leasing Corp.*,
    1993 WL 298439 (E.D. Pa. Aug. 2, 1993) ......................................................5, 7

*Leifer v. JPMorgan Chase Bank, N.A.*,
    2020 WL 1130727 (S.D.N.Y. Mar. 9, 2020) ......................................................7

*Lord Abbett Affiliated Fund, Inc. v. Navient Corp.*,
    2020 WL 5026553 (D. Del. Aug. 25, 2020) .......................................................2

*Mackey v. J.P. Morgan Chase Bank, N.A.*,
    786 F. Supp. 2d 1338 (E.D. Mich. 2011)...........................................................9

*Manera v. Michelin N. Am., Inc.*,
    2015 WL 12850564 (M.D. Fla. July 2, 2015) .....................................................5

*Marten v. Godwin*,
    499 F.3d 290 (3d Cir. 2007)........................................................................ 14-15

*Martinez v. Holzknecht*,
    701 F. Supp. 2d 886 (S.D. Tex. 2010) ..............................................................12

*Masters v. Erie Ins. Co.*,
    2014 WL 12726735 (W.D.N.Y. Feb. 14, 2014) .................................................6

*Mayes v. Rapoport*,
    198 F.3d 457 (4th Cir. 1999) ......................................................................4, 6, 7

*McGee v. State Farm Mut. Auto. Ins. Co.*,
    684 F. Supp. 2d 258 (E.D.N.Y. 2009) ..................................................... 4-5, 8, 12

*McGrath v. Home Depot USA, Inc.*,
    298 F.R.D. 601 (S.D. Cal. 2014) ........................................................................7

*McKenzie-Wharton v. United Airlines, Inc.*,
    158 F. Supp. 3d 1300 (M.D. Fla. 2016) ..............................................................5

*Montgomery v. First Fam. Fin. Servs., Inc.*,
    239 F. Supp. 2d 600 (S.D. Miss. 2002) .............................................................12

*Multistar Indus. v. Ocala*,
    2019 WL 4017245 (E.D. Wash. Aug. 26, 2019) ............................................. 5-6

*Nat'l Iranian Oil Co. v. Mapco Int'l, Inc.*,
    983 F.2d 485 (3d Cir. 1992) ..............................................................................13

*Nazario v. Deere & Co.*,
    295 F. Supp. 2d 360 (S.D.N.Y. 2003) ...........................................................5, 10

*Nelson v. Complete Bus. Sols. Grp., Inc.*,
    2019 WL 3759450 (W.D. Tex. Aug. 8, 2019) ...................................................16

*Newman v. Motorola, Inc.*,
    218 F. Supp. 2d 783 (D. Md. 2002) ....................................................................5

*O'Keefe v. Hess Corp.*,
    2010 WL 3522088 (D.N.J. Sept. 1, 2010) ..........................................................9

*O'Neill v. KB Home Inc.*,
    2008 WL 11419017 (S.D. Fla. Jan. 2, 2008) ....................................................11

*Pham v. Pham*,
    182 Cal. Rptr. 3d 791 (Cal. Ct. App. 2015) ......................................................15

*Platinum Unit-Owners' Ass'n v. Residential Constructors, LLC*,
    2015 WL 1186530 (D. Nev. Mar. 16, 2015) ......................................................5

*Pointe Lake Condo. Ass'n, Inc. v. Aspen Specialty Ins. Co.*,
    2011 WL 13223565 (S.D. Fla. June 8, 2011) ...................................................12

*Quibodeaux v. Nautilus Ins. Co.*,
    2012 WL 12919188 (E.D. Tex. July 30, 2012) .................................................12

*Reigel v. Canyon Sudar Partners, L.L.C.*,
    2007 WL 3274430 (D. Colo. Nov. 5, 2007) .......................................................7

*Remick v. Manfredy*,
  238 F.3d 248 (3d Cir. 2001) ............................................................................................14

*Ross Bros. Constr. Co. v. Sparkman*,
  2006 WL 1519362 (S.D. W. Va. May 25, 2006) ...............................................................18

*Rurhgas AG v. Marathon Oil Co.*,
  562 U.S. 574 (1999) ..........................................................................................................18

*Salamone v. Carter's Retail, Inc.*,
  2010 WL 762192 (D.N.J. Mar. 5, 2010) ...........................................................................12

*Salopek v. Zurich Am. Life Ins. Co.*,
  2019 WL 1409734 (D.N.M. Mar. 28, 2019) .......................................................................9

*Scipione v. Advance Stores Co.*,
  2012 WL 3105199 (M.D. Fla. July 31, 2012) ....................................................................12

*Seropian v. Wachovia Bank, N.A.*,
  2010 WL 2822195 (S.D. Fla. July 16, 2010) .....................................................................12

*Sexton v. G&K Servs., Inc.*,
  51 F. Supp. 2d 1311 (M.D. Ala. 1999) ..............................................................................17

*Small v. Ford Motor Co.*,
  923 F. Supp. 2d 1354 (S.D. Fla. 2013) .............................................................................12

*Smith v. CitiMorgtage, Inc.*,
  2016 WL 8673066 (D.N.J. Aug. 5, 2016) ..........................................................................13

*Smith v. White Consol. Indus.*,
  229 F. Supp. 2d 1275 (N.D. Ala. 2002) ........................................................................6, 11

*Soares v. Cont'l Motors, Inc.*,
  2020 WL 4437296 (D. Del. Aug. 3, 2020) ........................................................................18

*Steel Valley Auth. v. Union Switch & Signal Div.*,
  809 F.2d 1006 (3d Cir. 1987) ..............................................................................................9

*Stone v. Bank of N.Y. Mellon, N.A.*,
  609 Fed. App'x 979 (11th Cir. 2015) ..................................................................................2

*Summit on Sixth Homeowners Ass'n v. Big Rock Partners, LLC*,
  2014 WL 12693071 (C.D. Cal. Nov. 4, 2014) ................................................................5, 7

*Sun Chem. Corp. v. Am. Home Assurance Co.*,
  2020 WL 5406171 (D.N.J. Sept. 9, 2020) ............................................................... 11, 15-16

*Sussman v. Capital One, N.A.*,
  2015 WL 164095 (D.N.J. Jan. 13, 2015) ............................................................. 9-10

*TL of Fla., Inc. v. Terex Corp.*,
  54 F. Supp. 3d 320 (D. Del. 2014) ...........................................................................13

*Torrez v. City of Farmington*,
  2004 WL 7338031 (D.N.M. Sept. 8, 2004) ...............................................................14

*Ullum v. Am. Kennel Club*,
  21 N.Y.S. 3d 210 (N.Y. App. Div. 2015) .................................................................14

*Vanderzalm v. Sechrist Indus., Inc.*,
  2012 WL 13113194 (E.D.N.Y. June 18, 2012) ...........................................................6

*Wallace v. Dolgen Midwest, LLC*,
  2014 WL 4338899 (N.D. Ohio Aug. 29, 2014) ...........................................................6

*Wallace v. Media News Grp., Inc.*,
  568 F. App'x 121 (3d Cir. 2014) ............................................................................17

*Weber v. McDonald's Sys. of Europe, Inc.*,
  660 F. Supp. 10 (D. Del. 1985) ..............................................................................13

*Wehrenberg v. Metro. Prop. & Cas. Ins. Co.*,
  2015 WL 1643043 (W.D. Pa. Apr. 9, 2015) .............................................................12

*Wells v. Certainteed Corp.*,
  950 F. Supp. 200 (E.D. Mich. 1997) .......................................................................16

*Weston v. Progressive Comm. Holdings, Inc.*,
  2011 WL 231709 (D. Del. Jan. 24, 2011) ................................................................18

*Whitworth v. TNT Bestway Transp. Inc.*,
  914 F. Supp. 1434 (E.D. Tex. 1996) .....................................................................6, 7

*Wilcosky v. Swift Transp. Corp.*,
  2008 WL 2562959 (W.D. Ark. June 24, 2008) ..........................................................15

**Statutes and Rules**

28 U.S.C. § 1332 ...................................................................................................1

28 U.S.C. § 1367(b) ...............................................................................................7

28 U.S.C. § 1441(a) ...............................................................................................1

28 U.S.C. § 1446 ...................................................................................................1

28 U.S.C. § 1447(e) ................................................................................. *passim*

Fed. R. Civ. P. 15 ........................................................................................ 4

Fed. R. Civ. P. 19 ........................................................................................ 7

Fed. R. Civ. P. 21 ........................................................................................ 7

10 *Del. C.* § 8121 ..................................................................................... 13

Cal. Code. Civ. Proc. § 340(c) ................................................................. 14

N.Y. C.P.L.R. § 215(3) ............................................................................. 14

**Other Authorities**

OXFORD LEARNER'S DICTIONARIES,
    https://www.oxfordlearnersdictionaries.com/us/definition/american_english/seek ............. 7-8

6 CHARLES ALAN WRIGHT, ARTHUR R. MILLER, MARY KAY KANE & A.
    BENJAMIN SPENCER, FEDERAL PRACTICE AND PROCEDURE § 1477 (3d ed.) ........................... 5

Defendants Fox News Network, LLC, Sean Hannity, Laura Ingraham, Maria Bartiromo, Howard Kurtz, Shannon Bream, Bret Baier, Trish Regan, Raymond Arroyo, Jon Scott, Leland Vittert, and Jonathan Hunt (collectively, "Defendants") file this brief in opposition to Plaintiff's Motion for Remand ("Motion"), D.I. 4.

## NATURE AND STAGE OF THE PROCEEDINGS

This case arises from statements made over two years ago in broadcasts and online articles published by Defendant Fox News Network, LLC ("Fox").

Plaintiff filed a complaint in the Superior Court on November 12, 2020. On November 16, 2020, Fox removed the case pursuant to 28 U.S.C. §§ 1332, 1441(a), and 1446. Three days later, Plaintiff filed an amended complaint adding one non-diverse defendant. The next week, Plaintiff filed this Motion.

## SUMMARY OF THE ARGUMENT

Plaintiff's brazen gambit to join a non-diverse defendant for the sole purpose of destroying federal jurisdiction, and to seek remand based on that improper joinder should be rejected. Plaintiff's Amended Complaint impermissibly attempts to destroy subject matter jurisdiction in his facially time-barred suit. 28 U.S.C. § 1447(e) governs any post-removal joinder that "would destroy subject matter jurisdiction." Plaintiff never mentions that provision, perhaps because he cannot carry his burden under it. Indeed, the relevant factors weigh heavily against permitting his amendment for this purpose. And even though the fraudulent joinder standard suggested by Plaintiff is substantially higher than the standard that actually applies here, fundamental deficiencies in Plaintiff's claim demonstrate that his amendment indeed seeks to fraudulently join a non-diverse defendant.

## STATEMENT OF FACTS

### A.    Plaintiff's Original Complaint

On November 12, 2020, Plaintiff filed suit in the Superior Court of the State of Delaware,

purporting to assert a claim for defamation against Fox and ten individual defendants.  D.I. 1 Ex.

1 ("Compl.").  Plaintiff's Complaint focused upon various statements made in the weeks following

his November 14, 2018 arrest and included allegations concerning a November 15, 2018 broadcast

by "[c]orrespondent Jonathan Hunt."  *See* Compl. ¶¶ 81-85.  Plaintiff did not, however, name Mr.

Hunt as a defendant in the Complaint.

### B.    Fox Removes the Original Complaint & Plaintiff Reflexively Amends.

On November 16, 2020, Fox removed this action, invoking this Court's diversity

jurisdiction.  D.I. 1.[1]  Plaintiff's Motion does not argue that removal was improper.[2]  Less than 60

hours later, Plaintiff filed an amended complaint with minimal revisions.  D.I. 3 ("Am. Compl.").

The only substantive changes in Plaintiff's Amended Complaint concern Mr. Hunt, a

Californian like Plaintiff.  Most notably, the Amended Complaint adds just one defendant—

Mr. Hunt.  And although Plaintiff is aware of the domiciles of all the original individual

defendants, which are included in the Notice of Removal, D.I. 1 ¶¶ 12-17, the Amended Complaint

---

[1]  Although the Notice of Removal was filed on behalf of Fox, the individual defendants—who have still not been served—join Fox in opposing remand.  By doing so, they have effectively joined the Notice of Removal.  *See Stone v. Bank of N.Y. Mellon, N.A.*, 609 F. App'x 979, 981 (11th Cir. 2015); *Esposito v. Home Depot U.S.A., Inc.*, 590 F.3d 72, 77 (1st Cir. 2009).  Neither the filing of the Notice of Removal nor this opposition is intended to waive any applicable defense, including lack of personal jurisdiction (as to the individual defendants) and insufficient service of process (as to all defendants), all of which Defendants expressly reserve.  *Danziger v. De Llano, LLP v. Morgan Verkamp LLC*, 948 F.3d 124, 131-32 (3d Cir. 2020).

[2]  While Plaintiff "does not concede" that service was improper, Motion at 2 & n.1, he does not argue that service was proper or that removal was improper.  He therefore has waived any such arguments.  *See, e.g.*, *Lord Abbett Affiliated Fund, Inc. v. Navient Corp.*, 2020 WL 5026553, at *4 (D. Del. Aug. 25, 2020) (party waived argument it "failed to develop [in its] . . . opening brief").

2

does not mention those domiciles.  *See* Am. Compl. ¶¶ 6-15.  Instead, it *only* alleges the domiciles of Plaintiff and Mr. Hunt, both of California.  *Id.* ¶¶ 4, 16.

The Amended Complaint also adds conclusory allegations concerning the November 15, 2018 report by Mr. Hunt.  *See supra* at 2.  Most notably, while Plaintiff originally alleged that "Fox News later caused the segment to be published and republished," Compl. ¶ 85, he alleges in the Amended Complaint that "Fox News *and Hunt*" caused the publishing and republishing, Am. Compl. ¶ 86 (emphasis added).  Plaintiff also now alleges that "[o]n November 20, 2018, Fox News and Defendant Hunt published an article about Mr. Avenatti." *Id.* ¶ 96.  The article's byline, however, does not attribute that article to Mr. Hunt.  *See* Lukas Mikelionis, *Michael Avenatti Touts Unverified Video He Claims Will Refute 'Bogus' Allegations of Domestic Violence*, Fox News (Nov. 20, 2018) (Ex. A, hereto).[3]

Neither the Amended Complaint nor the Motion explains Plaintiff's good faith basis for the revised allegations.  Nor does either filing answer either of two critical questions.  First, why did Plaintiff not name Mr. Hunt as a defendant in his original Complaint filed just days earlier?  And why did Plaintiff amend his Complaint at all?  His silence on these critical questions speaks volumes.

## **ARGUMENT**

Plaintiff's Motion misstates the relevant standard, insisting that it is governed by the fraudulent joinder standard.  But under the correct 28 U.S.C. § 1447(e) standard—which Plaintiff ignores—Plaintiff bears the burden to justify a jurisdiction-destroying amendment.  He cannot do so.  *See* Section I, *infra*.

---

[3]  The article contains a link to prior coverage of the events, including the November 15, 2018 report by Mr. Hunt discussed above.

Moreover, even under the inapplicable fraudulent joinder standard that Plaintiff presses, the untimeliness of his claim against Mr. Hunt, as well as a judicially noticeable error in Plaintiff's allegations, render his attempted amendment improper.  *See* Section II, *infra*.

## I.   PLAINTIFF HAS NOT ESTABLISHED THE PROPRIETY OF HIS AMENDED COMPLAINT UNDER SECTION 1447(E).

### A.   Plaintiff's Amended Complaint Is Subject to Section 1447(e).

Plaintiff asserts that as a result of "amend[ing] his complaint as a matter of right under FRCP 15," "complete diversity . . . no longer exists," and because "this Court lacks subject matter jurisdiction," it "*must* remand the action."  Motion at 1 (emphasis added).[4]  According to Plaintiff, the only means for avoiding remand is for defendants to carry their "heavy burden" of showing fraudulent joinder.  *Id.* at 3-4.

Plaintiff is incorrect. 28 U.S.C. § 1447(e) provides that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."  *Id.*  Nearly every court to consider the issue—including every Court of Appeals—has held that Section 1447(e), a statute that specifically governs post-removal joinders that "would destroy subject matter jurisdiction," trumps Rule 15(a), a generic procedural rule that  governs amendments generally, but does not mention jurisdictional issues at all.[5]  Indeed, nearly "every federal court

---

[4]  Plaintiff repeats his assertion regarding the lack of discretion five times.  *See id.* at 1-5.

[5]  *See, e.g.*, *Dillard v. Albertson's, Inc.*, 226 F.3d 642, 2000 WL 1029031, at *1 (5th Cir. July 7, 2000) (TABLE) (affirming decision denying amendment and rejecting argument "that the court erred in requiring her to seek leave to amend her complaint . . . when, pursuant to Rule 15(a), no leave is required if the amendment precedes the defendant's answer on the merits.  That argument would be persuasive except that 28 U.S.C. § 1447(e) specifically confers on the district court the responsibility to scrutinize attempted joinder of non-diverse parties in cases previously removed to federal court."); *Mayes v. Rapoport*, 198 F.3d 457, 461-62 & n.11 (4th Cir. 1999) (when plaintiff "joined [a non-diverse defendant] without leave of court," "the district court's analysis begins with 28 U.S.C. § 1447(e)"); *John Doe # 4 v. Soc'y for Creative Anachronism, Inc.*, 2007 WL 2155553,

4

that has considered the issue has found that the discretionary decision called for by § 1447(e) is

appropriate *even when [the] plaintiff has amended as a matter of course under Rule 15(a) . . . .*"

*McGee v. State Farm Mut. Auto. Ins. Co.*, 684 F. Supp. 2d 258, 261 (E.D.N.Y. 2009) (dropping

non-diverse defendants added without leave of court) (emphasis added).[6]  Several courts have even

_____

at *3 (E.D. Pa. July 25, 2007) (denying motion to amend; a "motion to amend . . . must be reviewed under 28 U.S.C. Section 1447(e), whether or not the defendant has served its responsive pleading"); *Newman v. Motorola, Inc.*, 218 F. Supp. 2d 783, 785 (D. Md. 2002) (denying leave to amend; "finding that the primary, if not the only, purpose of adding Nationwide is to defeat diversity jurisdiction, the request to add Nationwide will be denied"); *McKenzie-Wharton v. United Airlines, Inc.*, 158 F. Supp. 3d 1300, 1301 (M.D. Fla. 2016) (denying leave to amend; "because Plaintiffs seek to add a non-diverse defendant after this case has been removed . . . , Rule 15(a)'s liberal amendment standard is inapplicable," and "the governing standard is found in 28 U.S.C. § 1447(e)"); *Nazario v. Deere & Co.*, 295 F. Supp. 2d 360, 363 (S.D.N.Y. 2003) (similar); *Ansley v. Metro. Life Ins. Co.*, 215 F.R.D. 575, 579 (D. Ariz. 2003) (similar); *Manera v. Michelin N. Am., Inc.*, 2015 WL 12850564, at *1-2 (M.D. Fla. July 2, 2015) (denying motion to amend; "to avoid gamesmanship that would divest the district court of subject matter jurisdiction, Section 1447(e) gives the Court discretion to deny joinder"); *Platinum Unit-Owners' Ass'n v. Residential Constructors, LLC*, 2015 WL 1186530, at *2 (D. Nev. Mar. 16, 2015) (similar); *Summit on Sixth Homeowners Ass'n v. Big Rock Partners, LLC*, 2014 WL 12693071, at *1-2 (C.D. Cal. Nov. 4, 2014) (similar); *Hardin v. Wal-Mart Stores, Inc.*, 813 F. Supp. 2d 1167, 1173-74 (E.D. Cal. 2011) (similar), *aff'd in part*, 604 F. App'x 545 (9th Cir. 2015); *Collins v. Nat'l Gen. Ins. Co.*, 2010 WL 4259949, at *1 (E.D. Mich. Oct. 25, 2010) (similar); *see also* n.6, *infra*; 6 CHARLES ALAN WRIGHT, ARTHUR R. MILLER, MARY KAY KANE, & A. BENJAMIN SPENCER, FEDERAL PRACTICE AND PROCEDURE § 1477 (3d ed.) ("a party may not employ Rule 15(a) to interpose an amendment that would deprive the district court of jurisdiction over a removed action").

[6]  *See also Dillard*, 2000 WL 1029031, at *1; *Mayes*, 198 F.3d at 461-62; *Lehigh Mech., Inc. v. Bell Atl. Tricon Leasing Corp.*, 1993 WL 298439, at *3 (E.D. Pa. Aug. 2, 1993) ("courts apply the discretionary review of section 1447(e) even when the party amends the complaint . . . before the defendant serves a responsive pleading," without seeking leave of court); *Brcka v. St. Paul Travelers Cos.*, 366 F. Supp. 2d 850, 853 (S.D. Iowa 2005) (rejecting argument "that since there have been no responsive pleadings, the addition of parties was proper pursuant to Rule 15 . . ., which allows a plaintiff to amend its complaint once as a matter of right" and applying Section 1447(e)); *Bevels v. Am. States Ins. Co.*, 100 F. Supp. 2d 1309, 1312 (M.D. Ala. 2000) (striking amended complaint filed without leave of court; "when an amendment . . . would destroy diversity jurisdiction, a district court has the authority to deny the plaintiff's right to amend"); *Ascension Enters., Inc. v. Allied Signal, Inc.*, 969 F. Supp. 359, 360 (M.D. La. 1997) (striking amended complaint filed without leave of court; "[A] party may not employ Rule 15(a) to interpose an amendment that would deprive the district court of jurisdiction over a removed action. Thus, § 1447(e) trumps Rule 15(a).") (footnote omitted); *Dotson v. Elite Oil Field Servs., Inc.*, 91 F. Supp. 3d 865, 875 (N.D. W.Va. 2015) (same); *Grant v. Johnson & Johnson*, 2017 WL 6812035, at *2-3 (S.D.N.Y. Dec. 19, 2017) (same); *Multistar Indus. v. Ocala*, 2019 WL 4017245, at *4 (E.D.

applied Section 1447(e) *sua sponte*, when both parties mistakenly believed that the fraudulent

joinder standard applied.[7]  That is because "[t]he fraudulent joinder doctrine does not apply to

joinders that occur after an action is removed."  *Cobb v. Delta Exports, Inc.*, 186 F.3d 675, 677

(5th Cir. 1999).[8]  And because any attempt to defeat jurisdiction by amending without leave of

---

Wash. Aug. 26, 2019) (denying remand where complaint amended without leave of court; "Rule 15 cannot be used to add a non-diverse defendant and evade the court's § 1447(e) joinder discretion"); *ASGR Prop. Holdings, LLC v. U.S. Bank N.A.*, 2011 WL 13324009, at *2-3 (W.D. Tex. Oct. 28, 2011) (granting motion to strike complaint amended "without leave of court"); *Hauerwaus v. Allied Waste Servs. of N. Am., LLC*, 2012 WL 1378460, at *2 (D. Mont. Mar. 26, 2012) (same); *Dunham v. Heartland Express, Inc. of Iowa*, 2015 WL 13753283, at *1 (N.D. Ga. Nov. 25, 2015) (similar); *Whitworth v. TNT Bestway Transp. Inc.*, 914 F. Supp. 1434, 1435 (E.D. Tex. 1996) (similar); *Wallace v. Dolgen Midwest, LLC*, 2014 WL 4338899, at *2 (N.D. Ohio Aug. 29, 2014) (similar); *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1019 n.2 (C.D. Cal. 2002) (similar); *Chan v. Bucephalus Alternative Energy Grp., LLC*, 2009 WL 1108744, at *3 (N.D. Cal. Apr. 24, 2009); *Bryant v. Kroger Co.*, 2016 WL 1756916, at *2 (S.D. Ga. May 2, 2016) (same).

Plaintiff's claim that Rule 15 automatically applies where a "plaintiff promptly amended his complaint as a matter of right" is therefore mistaken.  Motion at 5 & n.2.

[7]  *See, e.g.*, *Vanderzalm v. Sechrist Indus., Inc.*, 2012 WL 13113194, at *4 (E.D.N.Y. June 18, 2012) (even where "the Plaintiffs[] . . . amended the complaint . . . as of right . . . . the Court is required to consider the propriety of amending the complaint . . . under § 1447(e)"); *Masters v. Erie Ins. Co.*, 2014 WL 12726735, at *1-2 (W.D.N.Y. Feb. 14, 2014); *Glover v. Kia Motors Am., Inc.*, 2018 WL 1976033, at *3 & n.2 (W.D. Tenn. Apr. 25, 2018).

[8]  *See also, e.g.*, *Mayes*, 198 F.3d at 461 ("[T]he fraudulent joinder doctrine . . . has no effect once the district court actually possesses jurisdiction—including after the case has been removed."); *Ibis Villas at Miami Gardens Condo Ass'n., Inc. v. Aspen Specialty Ins. Co.*, 799 F. Supp. 2d 1333, 1337 & n.1 (S.D. Fla. 2011) (denying amendment; "The fraudulent joinder doctrine . . . is not the applicable standard on the joinder of a non-diverse defendant *after* removal"); *A.F. McCaulley v. Purdue Pharma, L.P.*, 172 F. Supp. 2d 803, 807 (W.D. Va. 2001) (denying amendment; "Despite the plaintiffs' argument that the doctrine is applicable in this case, it is clear that the fraudulent joinder rule does not apply to attempted joinders that occur after an action is removed"); *Smith v. White Consol. Indus., Inc.*, 229 F. Supp. 2d 1275, 1281 (N.D. Ala. 2002) (striking party added by improvidently granted amendment; "The standard for evaluating claims of fraudulent joinder differs from the standard for evaluating whether to allow the addition of a non-diverse defendant under § 1447(e)."); *City of Cleveland v. Deutsche Bank Tr. Co.*, 571 F. Supp. 2d 807, 824-25 & n.27 (N.D. Ohio 2008) (denying amendment which "would reward the City for its unabashed forum shopping efforts"; "The City simply misses the mark when it invokes the fraudulent joinder analysis.  Fraudulent joinder describes the situation where a plaintiff names non-diverse nominal or irrelevant parties as defendants to prevent removal in the first instance.")

court is improper,[9] any resulting amendment is "legally ineffective." *Dooley v. Grancare, LLC*, 2015 WL 6746447, at *2 (N.D. Cal. Nov. 5, 2015) (striking amended complaint).

Courts rely upon several factors in resolving any conflict with Rule 15(a) in favor of Section 1447(e). *See generally Mayes*, 198 F.3d at 462 & n.11; *McGrath v. Home Depot USA, Inc.*, 298 F.R.D. 601, 606 & n.1 (S.D. Cal. 2014); *Lehigh Mech.*, 1993 WL 298439, at *3. First, "while Rule 15(a) addresses amendment of pleadings generally, 28 U.S.C. section 1447(e) addresses the specific situation of post-removal joinder of non-diverse defendants." *McGrath*, 298 F.R.D. at 607. *See also, e.g.*, *Big Rock Partners*, 2014 WL 12693071, at *2 (same); *see generally Conoco, Inc. v. Skinner,* 970 F.2d 1206, 1221 (3d Cir. 1992) ("specific statutes generally take precedence over general statutes"). Second, various rules and statutes reflect a clear policy against jurisdiction-defeating amendments. *See* Fed. R. Civ. P. 19 & 21; 28 U.S.C. § 1367(b). *Ascension Enters.*, 969 F. Supp. at 361. Third, a contrary rule "would allow a plaintiff to improperly manipulate the forum of an action." *Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1087 (N.D. Cal. 1999) ("The liberal amendment provisions of Rule 15(a) are designed to help . . . reach the merits of a dispute; they should not be applied in a manner that frustrates that very function. Such frustration would result if a plaintiff were permitted to amend a complaint solely to manipulate the forum in which the complaint will be heard."). Finally, this interpretation protects the rights of defendants to choose a federal forum when diversity exists. *See Bevels*, 100 F. Supp. 2d at 1313.[10]

---

[9] *Leifer v. JPMorgan Chase Bank, N.A.*, 2020 WL 1130727, at *2 (S.D.N.Y. Mar. 9, 2020) (under Section 1447(e) "a plaintiff must seek permission from the Court prior to joinder of a defendant who destroys diversity jurisdiction, even where the complaint could otherwise be amended as of right"); *Ascension Enters.*, 969 F. Supp. at 360-61 (same); *Reigel v. Canyon Sudar Partners, L.L.C.*, 2007 WL 3274430, at *2 (D. Colo. Nov. 5, 2007) (same); *ASGR Prop.*, 2011 WL 13324009, at *4 (same); *Whitworth*, 914 F. Supp. at 1435; *Glover*, 2018 WL 1976033, at *3 & n.2 (same).

[10] Any suggestion that a party who amends as of right does not "seek to" amend his complaint overlooks that "seek to" means to attempt, not to ask permission. *See, e.g.*, OXFORD LEARNER'S

Thus, for example, in *McGee*, after the defendant removed an action filed in state court on diversity grounds, the plaintiff amended his complaint—without seeking leave of court—to add non-diverse defendants.  684 F. Supp. 2d at 259-60.  Based upon its review of the relevant federal authority, the court concluded that it had discretion under Section 1447(e) to deny amendment "even when plaintiff has amended as a matter of course under Rule 15(a)(1)(A)."  *Id.* at 261.  After examining the case chronology, the court "conclude[d] that [plaintiff] had no independent reason for joining the additional defendants apart from a desire to destroy the Court's diversity jurisdiction."  *Id.* at 265.  In reaching this conclusion, the court relied heavily upon several factors, including (1) plaintiff's failure to explain the amendment, (2) the fact that the amended complaint was filed "contemporaneously with [plaintiff's] motion to remand" (which "all but compelled that the complaint was amended with the deliberate purpose of divesting this court of jurisdiction"), and (3) plaintiff "was aware of the existence and relevance of all three of the additional defendants well before he filed his original complaint."  *Id.* at 264-65.  For these reasons, and despite finding that multiple factors weighed in factor of permitting amendment, the court exercised its discretion to "drop the non-diverse parties from this action."  *Id.* at 265.

Similarly, in *Glover*, 2018 WL 1976033, the defendant moved to dismiss a non-diverse defendant added following removal, without leave of court.  Notwithstanding that both parties advocated that the fraudulent joinder standard applied, the Court found that when properly analyzed under Section 1447(e), it had "the power to refuse post-removal joinder of a nondiverse party even if it resulted from the filing of an amended complaint as a matter of course."  *Glover*, 2018 WL 1976033, at *3 (collecting cases).  As here, the plaintiff had amended just a week after

---

DICTIONARIES,  https://www.oxfordlearnersdictionaries.com/us/definition/american_english/seek (last visited Dec. 7, 2020).  That definition is consistent with Section 1447(e), which permits a plaintiff to attempt to amend its complaint, but leaves the court authority to determine its propriety.

removal. This "strongly suggest[ed] Plaintiff joined [the defendant] to defeat diversity [jurisdiction]," and the Court dismissed the non-diverse defendant under Section 1447(e). *Id.* at *4-9.

**B. Plaintiff's Limited Authority Does Not Render Section 1447(e) Inapplicable.**

Plaintiff cites scant Section 1447(e) cases in support of remand, relying instead on cases involving non-diverse parties who were joined *before* removal, not *after* removal, as relevant here. *See* Motion at 3-4 (citing *In re Briscoe*, 448 F.3d 201, 216 (3d Cir. 2006); *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992); *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1009-10 (3d Cir. 1987)). Because Section 1447 was inapplicable in the cases Plaintiff chose to cite, they are easily distinguished from this case. *See also supra* at 6 & n.8 (collecting cases explaining that fraudulent joinder does not apply to parties joined after a case is removed).

Of the three cases Plaintiff offers to suggest that an equitable standard such as that under Section 1447(e) should not apply when a plaintiff "amend[s] his complaint as a matter of right," Motion at 5 & n.2, none acknowledges, much less addresses, the overwhelming contrary authority or the various grounds on which they rest. Indeed, one does not even mention Section 1447(e). *See O'Keefe v. Hess Corp.*, 2010 WL 3522088 (D.N.J. Sept. 1, 2010).

**C. Plaintiff Has Not Carried His Burden of Establishing the Propriety of His Amended Complaint.**

The burden in a Section 1447(e) analysis rests upon the party seeking the amendment. *Salopek v. Zurich Am. Life Ins. Co.*, 2019 WL 1409734, at *8 (D.N.M. Mar. 28, 2019) ("Under § 1447(e), it is the Plaintiff's burden to show that a federal court should exercise its discretion and permit joinder."); *Mackey v. J.P. Morgan Chase Bank, N.A.*, 786 F. Supp. 2d 1338, 1340 (E.D. Mich. 2011) (amendment requires "a showing that satisfies the dictates of § 1447(e) and the corresponding case law"); *see also Sussman v. Capital One, N.A.*, 2015 WL 164095, at *3 n.1

(D.N.J. Jan. 13, 2015) (rejecting argument that removing party bears burden of defeating amendment; "the Court is unable to find . . . any case law to suggest that the removing party bears the burden of proof to convince the Court to deny joinder under Section 1447(e)").  In undertaking that Section 1447(e) analysis, this Circuit regularly applies the factors set forth by the Fifth Circuit in *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987).  "Under this approach, a district court faced with an amended pleading naming a nondiverse defendant in a removal case 'should scrutinize that amendment more closely than an ordinary amendment.'"  *Aldorasi v. Crossroads Hospitality & Mgmt. Co.*, 344 F. Supp. 3d 814, 826 (E.D. Pa. 2018) (quoting *Hensgens*, 833 F.2d at 1182).

The *Hensgens* factors are designed "to answer the ultimate question whether the primary purpose of the proposed joinder is to oust the case from the federal forum."  *J. Lewis Cooper Co. v. Diageo N. Am., Inc.*, 370 F. Supp. 2d 613, 618 (E.D. Mich. 2005) (applying *Hensgens* factors). In full, the entire *Hensgens* test examines "[1] the extent to which the purpose of the amendment is to defeat federal jurisdiction, [2] whether plaintiff has been dilatory in asking for amendment, [3] whether plaintiff will be significantly injured if amendment is not allowed, and [4] any other factors bearing on the equities," *Aldorasi*, 344 F. Supp. 3d at 826 (citation omitted), but its focus remains on whether the primary purpose was to destroy jurisdiction.  "A principal desire to destroy federal diversity jurisdiction is an impermissible motive."  *Nazario*, 295 F. Supp. 2d at 364 (applying factors similar to the *Hensgens* factors).

There is no serious dispute that Plaintiff's addition, just days after removal, of a non-diverse defendant and allegations regarding *only* the domiciles of the non-diverse parties, is a transparent attempt intended to destroy diversity jurisdiction.  It is therefore not surprising that the *Hensgens* factors weigh heavily against joining Mr. Hunt.

10

**1.      Plaintiff's motive to defeat diversity jurisdiction weighs heavily against amendment.**

Under the *Hensgens* test, a plaintiff's motive merits the "greatest emphasis." *Bostrom v. Target Corp.*, 2006 WL 3370176, at *2 (N.D. Ill. Nov. 21, 2006). As a result, where "[the] Court can fairly infer that the purpose of the subject amendment is to defeat federal jurisdiction, . . . the first *Hensgens* factor weighs strongly against granting Plaintiff's application," *Sun Chem. Corp. v. Am. Home Assurance Co.*, 2020 WL 5406171, at *6 (D.N.J. Sept. 9, 2020), and "the weight of the other circumstances [is] significantly tempered," *Albino v. Home Depot*, 2020 WL 2932946, at *5 (D.N.J. June 3, 2020). *See also O'Neill v. KB Home Inc.*, 2008 WL 11419017, at *4 (S.D. Fla. Jan. 2, 2008) ("that the Plaintiff's primary motivation in joining the non-diverse Defendant . . . was to defeat jurisdiction . . . weighs heavily against allowing joinder"). Where the joinder of non-diverse parties is "intended to defeat federal jurisdiction," federal courts routinely deny the joinder. *Brennerman v. Guardian News & Media Ltd.*, 2015 WL 13730541, at *6 (D. Del. Dec. 29, 2015). *See generally supra* nn.5, 6, 9 (collecting cases).

Several factors demonstrate Plaintiff's intent to defeat diversity jurisdiction. First, by Plaintiff's own admission, Mr. Hunt was "referenced in the original complaint but not named as a defendant." Motion at 2-3. "Several courts have held that the fact that a plaintiff attempted to add a non-diverse defendant only *after* the case was removed, even though he knew . . . the identity of the defendant at an earlier time, strongly indicates that the purpose of the plaintiff's amendment is to defeat federal jurisdiction." *White Consol. Indus.*, 229 F. Supp. 2d at 1280 (emphasis added) (denying amendment). To that end, "referencing [an] entity in the initial complaint indicates Plaintiffs' knowledge of [it]," and "it follows that Plaintiffs . . . made an election not to sue [that entity] at that time." *Brennerman*, 2015 WL 13730541, at *6 (denying amendment, "[R]eferencing the entity in the initial complaint indicates Plaintiffs' knowledge of [the later-added Defendant].

11

Therefore, it follows that Plaintiffs . . . made an election not to sue [it] at that time.").[11]  Moreover,

Plaintiff joined Mr. Hunt mere days after removal.  Where a "[p]laintiff seeks to add a non-diverse

defendant immediately after removal but before discovery, [it] suggests that the amendment is

done with 'specific purpose of destroying diversity jurisdiction.'"  *Small v. Ford Motor Co.*, 923

F. Supp. 2d 1354 (S.D. Fla. 2013) (denying amendment; citation omitted).[12]  Indeed, Plaintiff

makes no attempt in his Motion to offer any other explanation for his earlier failure to name Mr.

Hunt.

And in his Amended Complaint, Plaintiff elected to include the domicile of only two

individuals:  himself and Mr. Hunt, both of whom happen to be domiciled in California.  This was

not for a lack of information:  each individual defendant's domicile was noted in the Notice of

Removal.  D.I. 1.  Plaintiff's decision to only include the domiciles of the non-diverse defendant

parties in his Amended Complaint speaks volumes as to his motivation when he wrote it.

### 2.    Plaintiff's timing weighs against amendment.

As to the second *Hensgens* factor, the reflexive amendment of a complaint, adding a party

of which the plaintiff was previously aware, is a form of dilatoriness that "weighs against granting

---

[11]  *See also Gallegos v. Safeco Ins. Co. of Ind.*, 2009 WL 4730570, at *4 (S.D. Tex. Dec. 7, 2009)
(denying amendment); *Albino*, 2020 WL 2932946, at *4 (similar); *Grand Cru, LLC v. Liberty Mut.
Ins. Co.*, 2020 WL 6938359, at *5 (D.N.J. Nov. 25, 2020) (similar); *Alanis v. Allstate Ins. Co.*,
2018 WL 2245076, at *5 (W.D. Tex. Jan. 4, 2018) (similar); *Wehrenberg v. Metro. Prop. & Cas.
Ins. Co.*, 2015 WL 1643043, at *5 (W.D. Pa. Apr. 9, 2015) (similar); *Quibodeaux v. Nautilus Ins.
Co.*, 2012 WL 12919188, at *6 (E.D. Tex. July 30, 2012) (similar); *Salamone v. Carter's Retail,
Inc.*, 2010 WL 762192, at *2 (D.N.J. Mar. 5, 2010) (similar); *Martinez v. Holzknecht*, 701 F. Supp.
2d 886, 891 (S.D. Tex. 2010) (similar); *Seropian v. Wachovia Bank, N.A.*, 2010 WL 2822195, at
*3 (S.D. Fla. July 16, 2010) (similar); *McGee*, 684 F. Supp. 2d at 264-65 (similar); *Montgomery
v. First Fam. Fin. Servs., Inc.*, 239 F. Supp. 2d 600, 606 (S.D. Miss. 2002) (similar).

[12]  *See also Scipione v. Advance Stores Co.*, 2012 WL 3105199, at *2 (M.D. Fla. July 31, 2012)
(similar); *Pointe Lake Condo. Ass'n, Inc. v. Aspen Specialty Ins. Co.*, 2011 WL 13223565, at *2
(S.D. Fla. June 8, 2011) (similar); *ASGR Prop.*, 2011 WL 13324009, at *5 (similar); *McGee*, 684
F. Supp. 2d at 264 (similar); *Martinez*, 701 F. Supp. 2d at 889 (similar).

joinder." *Glover*, 2018 WL 1976033, at *8; *see also Andreasen v. Progressive Express Ins. Co.*, 276 F. Supp. 3d 1317, 1329-30 (S.D. Fla. 2017); *Davis v. Owners Ins. Co.*, 29 F. Supp. 3d 938, 943-44 (E.D. Ky. 2014).

> **3.** **The weakness of Plaintiff's time-barred claim, founded on a facially incorrect allegation, against a non-diverse defendant over whom there is no personal jurisdiction, as well as his ability to recover from other defendants, weighs against amendment.**

As to the third *Hensgens* factor, Plaintiff does not and cannot argue that he will be prejudiced from not being permitted to add Mr. Hunt as a defendant.

*First*, the facial weakness of Plaintiff's time-barred claim weighs against permitting amendment: he *cannot* be significantly injured by the inability to add a weak claim. *Boon*, 229 F. Supp. 2d at 1020; *see also Aqua Connect, Inc. v. Code Rebel, LLC*, 2012 WL 1535769, at *4 (C.D. Cal. Apr. 27, 2012) (same).

One weakness of Plaintiff's claim is that it is time-barred. *See Smith v. CitiMorgtage, Inc.*, 2016 WL 8673066, at *5 (D.N.J. Aug. 5, 2016) (finding no potential injury from refusing amendment where "the claim against Investors appear[ed] to be time-barred."). "Under the Delaware borrowing statute, the Court must apply *the shorter* of the Delaware statute of limitations and the statute of limitations of the place where Plaintiff's cause of action accrued." *TL of Fla., Inc. v. Terex Corp.*, 54 F. Supp. 3d 320, 327 (D. Del. 2014) (discussing 10 *Del. C.* § 8121) (emphasis added); *see also Nat'l Iranian Oil Co. v. Mapco Int'l, Inc.*, 983 F.2d 485, 494 (3d Cir. 1992) (affirming dismissal of claim on statute of limitations grounds); *Johnson v. Warner Bros. Ent'mt, Inc.*, 2017 WL 588714, at *3 (D. Del. Feb. 14, 2017) (dismissing defamation claim as untimely under Pennsylvania statute of limitations); *Weber v. McDonald's Sys. of Europe, Inc.*, 660 F. Supp. 10, 14 (D. Del. 1985) (dismissing claim on statute of limitations grounds). Plaintiff claims to be a California resident, and "in a defamation case there is a presumption that 'the local

law of the state of the plaintiff's domicile applies.'" *Johnson*, 2017 WL 588714, at *3 (citation omitted). The California statute of limitations for defamation is one year. Cal. Code. Civ. Proc. § 340(c).[13] As such, claims based upon statements allegedly made by Mr. Hunt in November 2018[14] are time-barred.[15]

Another weakness to Plaintiff's claim against Mr. Hunt is that he is not subject to personal jurisdiction in Delaware. To establish jurisdiction against an out-of-state defendant in a defamation case, the plaintiff must show, among other things, that (i) he "*felt the brunt of the harm in the forum* such that the forum can be said to be the focal point of the harm suffered by the plaintiff," and (ii) "[t]he defendant *expressly aimed his tortious conduct at the forum* such that the forum can be said to be the focal point of the tortious activity." *Remick v. Manfredy*, 238 F.3d 248, 258 (3d Cir. 2001) (citation omitted) (emphasis in original). Plaintiff does not allege either, much less both, of these.

Federal courts regularly find that they lack personal jurisdiction in such circumstances. *See, e.g.*, *Marten v. Godwin*, 499 F.3d 290, 298 (3d Cir. 2007) (defamation plaintiff failed to

---

[13] After California, New York has the most significant relationship because most of the publication occurred there. *Johnson*, 2017 WL 588714, at *3. New York also has a one-year statute of limitations. N.Y. C.P.L.R. § 215(3).

[14] Plaintiff's Amended Complaint, but not his original Complaint, alleges that the individual defendants collectively caused statements to be "re-published and re-broadcast on multiple occasions . . . , including . . . within the last year." *Compare* Am. Compl. ¶ 104, *with* Compl. ¶ 102. While Plaintiff does not explain how Mr. Hunt caused this to happen, these vague assertions are nevertheless "insufficient" to revive a time-barred defamation claim. *See, e.g.*, *Ullum v. Am. Kennel Club*, 21 N.Y.S. 3d 210, 212 (N.Y. App. Div. 2015) (allegation "that AKC republished the statement on its website" "insufficient" to revive claim); *see also Torrez v. City of Farmington*, 2004 WL 7338031, at *15 (D.N.M. Sept. 8, 2004) (allegation that "beginning about February 1998, and continuing through the present time, . . . Defendants . . . , publish[ed] communications . . . that Plaintiff was . . . dealing and using illegal drugs" insufficient to resurrect claims).

[15] Additionally, Plaintiff fails to state a claim for defamation, particularly in light of his status as a public figure. Because of the deficiencies identified above, there is no need to detail those defects at this time.

establish personal jurisdiction under effects test where he had not shown "that defendants expressly aimed their conduct at Pennsylvania"); *Clemens v. McNamee*, 615 F.3d 374, 380 (5th Cir. 2010) (dismissing claim for lack of personal jurisdiction; complaint failed to allege adequately that the forum "was the focal point" where "the statements did not concern activity in [the state]" and were not "made in" or "directed to" the state); *Johnson v. Arden*, 614 F.3d 785, 796 (8th Cir. 2010) (applying effects test and finding no personal jurisdiction for defamation claim where there was "no evidence that the . . . website specifically targets Missouri, or that the content of Heineman's alleged postings specifically targeted Missouri"); *Bioheart, Inc. v. Peschong*, 2013 WL 1729278, at *5 (S.D. Fla. Apr. 22, 2013) (dismissing claim for lack of personal jurisdiction; "Bioheart provides no evidence that Yahoo! Finance generally, or Peschong's comments in particular, were purposefully directed at a Florida audience . . . .  There was no reason for Peschong to have thought that Bioheart's investors would be located in Florida, as opposed to any other state."); *Wilcosky v. Swift Transp. Corp.*, 2008 WL 2562959, at *3 (W.D. Ark. June 24, 2008) (similar).  Plaintiff's claim against Mr. Hunt will face the same fate.

Moreover, one of the two allegedly defamatory statements is, on its face, not a statement by Mr. Hunt.  *See supra* at 3.  He therefore cannot be liable for defamation based upon it.  *Pham v. Pham*, 182 Cal. Rptr. 3d 791, 795 (Cal. Ct. App. 2015); *Lapine v. Seinfeld*, 918 N.Y.S.2d 313, 327 (N.Y. Sup. Ct. 2011).

*Second*, even if Plaintiff's claim did not suffer from these shortcomings, denial of amendment would not substantially injure him.  Only two paragraphs contain substantive allegations mentioning Mr. Hunt.  *See* Am. Compl. ¶¶ 86, 96.  Given these limited allegations, Plaintiff cannot establish that Mr. Hunt is a necessary or indispensable party, and thus cannot establish that failure to join Mr. Hunt would substantially injure him.  *See Sun Chem. Corp.*, 2020

WL 5406171, at *6-7 (that "Sequa [was] neither a necessary nor indispensable party" "weigh[ed] against granting Plaintiff's request to join Sequa in the action"); *Aqua Connect*, 2012 WL 1535769, at *2 (similar).  This is particularly true because, if Plaintiff's claims survive a motion to dismiss, he could still assert them against Fox.  *See Wells v. Certainteed Corp.*, 950 F. Supp. 200, 201 (E.D. Mich. 1997) (denying motion for leave to amend when employer is a defendant and additional party is neither necessary nor indispensable); *Nelson v. Complete Bus. Sols. Grp., Inc.*, 2019 WL 3759450, at *4 (W.D. Tex. Aug. 8, 2019) (recommending striking of complaint; "third factor weighs in favor of denying leave to amend" where amendment would add claim against "agent" of existing defendant, and the "claims against [the agent] arise from its conduct as [the existing defendant's] agent").

Moreover, Mr. Hunt is not necessary for Plaintiff to be able to fully recover.  "Plaintiffs cannot suffer injury where the outcome of any potential claim or recovery is not affected by the addition of the non-diverse defendant."  *Brennerman*, 2015 WL 13730541, at *8; *see also Ehrhardt v. Elec. & Instrumentation Unlimited of La.*, 137 F. Supp. 2d 765, 767 (E.D. Tex. 2001) (denying amendment for similar reasons); *Small*, 923 F. Supp. 2d at 1358 (same); *Hardin*, 813 F. Supp. 2d at 1174 (similar).  Indeed, a plaintiff's ability to obtain "complete relief . . . from the present defendants" demonstrates that "the primary motive in plaintiff's seeking to amend his complaint to add these new defendants is to destroy diversity."  *Buttons v. Nat'l Broad. Co.*, 858 F. Supp. 1025, 1027 (C.D. Cal. 1994) (denying leave to amend).

### 4.    Other factors bearing on the equities weigh against amendment.

"[I]n considering 'other equitable factors,' the Court is cognizant of the interest of Defendants in retaining a federal forum."  *Gum v. Gen. Elec. Co.*, 5 F. Supp. 2d 412, 415 (S.D. W. Va. 1998).  This merits significant weight here, as "[j]oinder of [Mr. Hunt] would prejudice [the original defendants] by denying them what would otherwise be their right . . . to have a federal

court forum for this case." *Land v. Yamaha Motor Corp.*, 2000 WL 33226317, at *2 (S.D. Ind. Dec. 20, 2000) (denying motion to remand); *see also Cooper v. Thames Healthcare Grp., LLC*, 2014 WL 941925, at *5 (E.D. Ky. Mar. 11, 2014) (same).  Indeed, "[i]n balancing the equities, the parties do not start out on an equal footing.  This is because of the diverse defendant's right to choose between a state or federal forum.  Giving diverse defendants the option of choosing the federal forum is the very purpose of the removal statutes." *Sexton v. G&K Servs., Inc.*, 51 F. Supp. 2d 1311, 1313 (M.D. Ala. 1999) (denying amendment).

In addition, "[j]udicial efficiency and economy are appropriate considerations." *Liberty Mut.*, 2020 WL 6938359, at *5 (denying amendment).  In this case, no witnesses or documents are in Delaware.[16]  Because "out-of-state discovery likely will be easier and more economical in federal court," Defendants would be prejudiced if the case is remanded. *Chiaramonte v. First Fin. Ins. Co.*, 2009 WL 602887, at *2 (E.D. La. Mar. 9, 2009).[17]

## II.   EVEN IF THE COURT APPLIES A FRAUDULENT JOINDER STANDARD, AMENDMENT SHOULD NOT BE PERMITTED.

Even under the fraudulent joinder standard, amendment would still be inappropriate.  As discussed above, beyond mere pleading defects, Plaintiff's claim against Mr. Hunt suffers from several fundamental flaws, including a facially apparent time bar and a judicially noticeable misstatement on a foundational assertion.  These are precisely the types of deficiencies that render a purported claim without a "reasonable basis in fact or colorable ground" and "wholly insubstantial and frivolous." *Briscoe*, 448 F.3d at 216, 218 (denying writ of mandamus to require

---

[16]   Plaintiff erroneously alleges that Fox has "its principle place of business in Wilmington, Delaware."  Am. Compl. ¶ 5.  The Court can take judicial notice of the fact that Fox's principal place of business is in New York. *See Wallace v. Media News Grp., Inc.*, 568 F. App'x 121, 123 n.2 (3d Cir. 2014).

[17]   Defendants appreciate that the Superior Court is skilled and able; their desire to litigate in federal court is not due to a lack of respect for the Superior Court.

remand because claim was barred by statute of limitations); *Brennerman v. Guardian News & Media Ltd.*, 2016 WL 1271461, at *1-2 (D. Del. Mar. 30, 2016) (finding fraudulent joinder and denying remand).  *See also, e.g.*, *Brown v. Jevic*, 575 F.3d 322, 327 (3d Cir. 2009) (statute of limitations defense may be considered in assessing fraudulent joinder); *Arndt v. Johnson & Johnson*, 2014 WL 882777, at *10 (E.D. Pa. Mar. 6, 2014) (finding defendants fraudulently joined where claims "are either time-barred or clearly lacking in merit"); *Weston v. Progressive Comm. Holdings, Inc.*, 2011 WL 231709, at *3 (D. Del. Jan. 24, 2011) (similar).[18]

---

[18]   This Court can also address personal jurisdiction in the context of fraudulent joinder.  *See Rurhgas AG v. Marathon Oil Co.*, 562 U.S. 574, 578 (1999) (noting that although federal courts often first resolve subject matter jurisdiction, "there are circumstances in which a district court appropriately accords priority to a personal jurisdiction inquiry"); *Soares v. Cont'l Motors, Inc.*, 2020 4437296, at *3 (D. Del. Aug. 3, 2020) (indicating lack of personal jurisdiction can serve as basis for fraudulent joinder, but exercising discretion not to address the issue on motion to remand due to complexity); *Ross Bros. Constr. Co. v. Sparkman*, 2006 WL 1519362, at *2-4 (S.D. W. Va. May 25, 2006) (considering personal jurisdiction in connection with fraudulent joinder analysis).

**CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court deny the Motion

and strike the Amended Complaint.

Respectfully submitted,

ROSS ARONSTAM & MORITZ LLP

*/s/ David E. Ross*

*Of Counsel*:

Eric M. George (admitted *pro hac vice*)
BROWNE GEORGE ROSS O'BRIEN
   ANNAGUEY & ELLIS LLP
2121 Avenue of the Stars, Suite 2400
Los Angeles, California 90067
(310) 274-7100
egeorge@bgrfirm.com

David E. Ross (Bar No. 5228)
Eric D. Selden (Bar No. 4911)
R. Garrett Rice (Bar No. 6242)
100 South West Street, Suite 400
Wilmington, Delaware 19801
(302) 576-1600
dross@ramllp.com
eselden@ramllp.com
grice@ramllp.com

*Attorneys for Fox News Network, LLC, Sean*
*Hannity, Laura Ingraham, Maria Bartiromo,*
*Howard Kurtz, Shannon Bream, Bret Baier,*
*Trish Regan, Raymond Arroyo, Jon Scott,*
*Leland Vittert, and Jonathan Hunt*

December 8, 2020

19