IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MICHAEL AVENATTI,

    Plaintiff,

v.

FOX NEWS NETWORK, LLC,
a Delaware Limited Liability Company;
SEAN HANNITY; LAURA INGRAHAM;
MARIA BARTIROMO;
HOWARD KURTZ; SHANNON BREAM;
BRET BAIER; TRISH REGAN;
RAYMOND ARROYO; JON SCOTT;
LELAND VITTERT, and JONATHAN
HUNT,

    Defendants.

C.A. No. 1:20-cv-01541-MN

## PLAINTIFF'S REPLY BRIEF IN SUPPORT OF MOTION FOR REMAND

SEITZ, VAN OGTROP & GREEN, P.A.
R. KARL HILL (DE2747)
222 Delaware Avenue, Suite 1500
Wilmington, DE 19801
(302) 888-7604
khill@svglaw.com

Shawn R. Perez (pro hac to be filed)
LAW OFFICES OF SHAWN R. PEREZ
7121 West Craig Road, #113-38
Las Vegas, NV 89129
(720) 485-3977

Attorneys for Plaintiff Michael Avenatti

December 15, 2020

## TABLE OF CONTENTS

**Page**

Contents

ARGUMENT ............................................................................................................................. 1
    A.    Defendants Advocate for Application of the Wrong Standard While Ignoring Clear Third Circuit Authority ............................................................... 1
    B.    Defendants Ignore Well Established Principles Governing the Analysis ......................... 4
    C.    Plaintiff's Complaint Alleges a Valid Cause of Action Against Defendant Hunt ........... 6
    D.    The Motion for Remand Should Be Granted Even Under Section 1447(e) ..................... 8

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adams v. Gould, Inc.*, 739 F.2d 858, 868 (3d Cir. 1984) ................................................................ 9

*Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992) ........................................ 4, 5, 6, 7

*Boyer v. Snap-On Tools, Corp.*, 913 F.2d 108, 111 (3d Cir. 1990)
498 U.S. 1085 (1991) ................................................................................................................ 6, 8

*Brennerman v. Guardian News & Media Ltd.*, 2015 U.S. Dist. LEXIS 172429
at *8-9 (D. Del. Dec. 29, 2015) ....................................................................................................... 2

*Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997) ...................................... 9

*City of Perth Amboy v. Safeco Ins. Co. of Am.*, 539 F. Supp. 2d 742
754 n.2 (D.N.J. 2007) .............................................................................................................. 2, 9, 10

*Coetento v. Mitchell*, 28 Cal. App. 3d 356, 358 (1972) ................................................................. 7

*Confessore v. Agco Corp.*, 2015 U.S. Dist. LEXIS 93851
at *13 n.4 (D.N.J. July 20, 2015) .................................................................................................... 1

*Conover v. United Parcel Service*, 2006 U.S. Dist. LEXIS 88438, at *3 n.2
(D.N.J. Dec. 7, 2006) ...................................................................................................................... 2

*Doe v. Cahill*, 884 A.2d 451 (Del. 2005) ....................................................................................... 7

*Gateway Marine, Inc. v. Century Boat Co.*, 2009 U.S. Dist. Lexis 7552, at *6 (D.N.J.) ............... 6

*Hensgens v. Deere & Co.*, 833 F.2d 1179 (5th Cir. 1987) ..................................................... 3, 4, 8

*Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 77 (1991) ................. 10

*Kallman v. Aronchick*, 981 F. Supp. 2d 372, 380 (E.D. Pa. 2013) ................................................ 5

*Kelly v. General Telephone Co.*, 136 Cal. App. 3d 278, 285 (1982) ............................................. 7

*Larrick v. Giloon*, 176 Cal. App. 2d 408, 416 (1959) .................................................................. 7

*Lundquist v. Reusser*, 7 Cal. 4th 1193, 1202 (1994) ..................................................................... 7

*Marten v. Godwin*, 499 F.3d 290, 296-97 (3d Cir. 2007) .............................................................. 8

*McDermott v. CareAllies, Inc.*, 2020 U.S. Dist. LEXIS 223561
   (D.N.J. November 30, 2020) .................................................................................. 1, 3, 4, 7

*Midthassel v. ARAMARK Corp.*, 2010 U.S. Dist. LEXIS 59324
   at *13 (D.N.J. June 15, 2010) ........................................................................................ 2

*O'Keefe v. Hess Corp.*, 2010 U.S. Dist. LEXIS 90470
   at *30-31 n.9 (D.N.J. Sep. 1, 2010) ............................................................................... 2

*Okun v. Superior Court*, 29 Cal. 3d 442, 458 (1981) ............................................................ 7

*Preston Hollow Capital LLC v. Nuveen LLC*, 216 A.3d 1, 9
   (Del.Ch. 2019) ................................................................................................................ 7

*Route 27, LLC v. Getty Petroleum Mktg.*, 2011 U.S. Dist. LEXIS 34375
   at *9, 12 n.4 (D.N.J. Mar. 29, 2011) .............................................................................. 1

*Schneider v. United Airlines*, 208 Cal. App. 3d 71, 74-75 (1989) ....................................... 7

*Steel Valley Author v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987) ......... 4, 6

**Statutes**

28 U.S.C. § 1447(e) ................................................................................................................ 2

**ARGUMENT**

    **A. Defendants Advocate for Application of the Wrong Standard While Ignoring Clear Third Circuit Authority**

Relying on a scattershot of cases outside the Third Circuit and ignoring authority within the Third Circuit directly on point, Defendants Fox News Network, LLC, Sean Hannity, Laura Ingraham, Maria Bartiromo, Howard Kurtz, Shannon Bream, Bret Baier, Trish Regan, Raymond Arroyo, Jon Scott, Leland Vittert, and Jonathan Hunt (collectively, "Defendants") invite the Court to commit error and apply 28 U.S.C. § 1447(e) when deciding Plaintiff's motion. As Defendants must know, however, courts within this circuit decline to apply section 1447(e) in situations such as this, where a Plaintiff does not "seek" to add a defendant by way of an amended complaint but rather has already added that defendant in an amended complaint filed as a matter of right under Rule 15(a). *See, e.g., McDermott v. CareAllies, Inc.*, 2020 U.S. Dist. LEXIS 223561 (D.N.J. November 30, 2020)(dismissing the same arguments made by defendants here after extensive analysis and concluding that 1447(e) has no applicability; "[T]he Court will assess the question of remand under the fraudulent joinder analysis framework."); *Confessore v. Agco Corp.*, 2015 U.S. Dist. LEXIS 93851, at *13 n.4 (D.N.J. July 20, 2015) ("[T]he fraudulent joinder analysis is not appropriate here because that standard applies in circumstances when a party has already been joined to an action. Since Plaintiff is . . . moving to add [a nondiverse party] as a defendant in this case, the proper analysis is under § 1447(e).") (citation omitted); *Route 27, LLC v. Getty Petroleum Mktg.*, 2011 U.S. Dist. LEXIS 34375, at *9, 12 n.4 (D.N.J. Mar. 29, 2011) (rejecting § 1447(e) analysis because "section 1447(e), by its own terms, . . . encompasses only those amendments that seek[ ] to join additional defendants" and clarifying that "the standard applied to an assertion of fraudulent joinder under the diversity statute differs from that applicable to a motion to amend

1

under 28 U.S.C. § 1447(e), where the plaintiff seeks to add, after removal, additional defendants whose inclusion would defeat diversity.") (citing cases; emphasis and quotation marks removed); *Midthassel v. ARAMARK Corp.*, 2010 U.S. Dist. LEXIS 59324, at *13 (D.N.J. June 15, 2010) (" '[F]raudulent joinder . . . can only be claimed if the alleged fraudulently joined party has already been joined.' [However], where Plaintiff is seeking joinder, the proofs necessary to establish fraudulent joinder have no applicability.") (quoting *Conover v. United Parcel Service*, 2006 U.S. Dist. LEXIS 88438, at *3 n.2 (D.N.J. Dec. 7, 2006) and applying § 1447(e) analysis to motion to amend); *City of Perth Amboy v. Safeco Ins. Co. of Am.*, 539 F. Supp. 2d 742, 754 n.2 (D.N.J. 2007) ("Had Plaintiff simply filed an amended pleading [as of right] including claims against [the non-diverse defendant], the appropriate analysis would be one of fraudulent joinder . . . .") (citations omitted*)*; *Conover*, 2006 U.S. Dist. LEXIS 88438, at *3 nn.2-3 ("This is not a case of fraudulent joinder, which can only be claimed if the alleged fraudulently joined party has already been joined. . . . [After removal, plaintiff] could have simply filed his amended Complaint without leave of the Court, which would have implicated the fraudulent joinder analysis."); *Brennerman v. Guardian News & Media Ltd.*, 2015 U.S. Dist. LEXIS 172429, at *8-9 (D. Del. Dec. 29, 2015) ("The Third Circuit has not yet resolved this dispute," but "[d]istrict courts within the Third Circuit have distinguished between situations where the court has discretion to permit joinder, and those . . . wherein the complaint is amended as a matter of right. <u>Those courts have determined that when a pleading is amended as a matter [o]f right, the . . . argument should be focused solely on fraudulent joinder.</u>") (citations omitted)(emphasis added), report and recommendation adopted, 2016 U.S. Dist. LEXIS 42923 (D. Del. Mar. 30, 2016); *O'Keefe v. Hess Corp.*, 2010 U.S. Dist. LEXIS 90470, at *30-31 n.9 (D.N.J. Sep. 1, 2010) ("Following removal, requests to amend pleadings that result in the destruction of federal jurisdiction normally require consideration of numerous equitable

2

factors (referred to as the *Hensgens* factors). However, when the amendment of a pleading is made as of right, . . . the court does not a consider the merits of the amendment. Thus, Defendants properly focus their argument solely on fraudulent joinder.") (citations omitted), report and recommendation adopted, 2010 U.S. Dist. LEXIS 110582 (D.N.J. Oct. 15, 2010).

Unable to overcome this litany of directly on-point authority, Defendants instead choose to ignore it. Worse yet, Defendants claim in their opposition that "Nearly every court to consider the issue . . . has held that Section 1447(e) . . . trumps Rule 15(a)." D.I. 6 at 4. As demonstrated by the decisions cited in detail above, however, Defendants' assertion is false. Courts in the Third Circuit routinely reject Defendants' arguments and the application of section 1447(e) under similar circumstances.

The court's decision in *McDermott*, 2020 U.S. Dist. LEXIS 223561, decided in late November and before Defendants submitted their opposition, is especially instructive. There, defendants opposed the plaintiff's efforts to remand her case to state court following her post-removal amendment of the complaint, which destroyed diversity and was made as a matter of right pursuant to Rule 15(a). Like Defendants in this case and relying on many of the same arguments and case citations used by Defendants in their opposition here,[1] the *McDermott* defendants argued that 1447(e) trumped Rule 15(a) and required the application of the *Hensgens* factors. After surveying and analyzing applicable law in the Third Circuit and beyond, the court rejected the defendants' arguments in a detailed opinion and concluded that 1447(e) had no applicability:

> Finally, the Court returns to the words of the Third Circuit that "[w]hen a non-diverse party has been joined as a defendant, then in the absence of a substantial federal question ***the removing defendant may avoid remand only by***

---

[1] Defendants fail to acknowledge, let alone address, *McDermott* in their opposition. It is unclear as to how they could have not been aware of the decision seeing as it distinguishes a number of the cases relied on by Defendants in their opposition and thus would have been discovered when Defendants shephardized their authority.

3

> ***demonstrating that the non-diverse party was fraudulently joined.*** *Briscoe*, 448 F.3d at 217; *Batoff*, 977 F.2d at 851 (emphasis added). As above, these words must be taken mean what they say, which is that in the present circumstance, the only way for Defendants to avoid remand is to demonstrate fraudulent joinder. This is to the exclusion of avoiding remand by way of a § 1447(e)/*Hensgens* analysis, which is of no relevance where a non-diverse defendant has been joined, and therefore of no avail to Defendants.

*Id.* at *15 (citations omitted)(emphasis added).

The result here should be no different. Plaintiff timely amended his complaint by right pursuant to Rule 15(a). Thus, upon filing, Defendant Jonathan Hunt became, in the words of the Third Circuit in *Briscoe* and *Batoff*, a "non-diverse party" that "has been joined." As a result, and for each of the reasons set forth in *McDermott* and the other Third Circuit cases cited above, this Court should assess Plaintiff's motion utilizing a fraudulent joinder analysis.

### B. Defendants Ignore Well Established Principles Governing the Analysis

By way of their opposition, Defendants also seek to have this court disregard the guideposts used in the Third Circuit when deciding whether to grant Plaintiff's motion. First, Defendants fail to acknowledge that it is the removing Defendant's (here, Defendant Fox News) burden to prove that the non-diverse party was fraudulently joined. *See Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992). Second, Defendants fail to accept that they bear a "heavy burden of persuasion" and that "removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand." *Steel Valley Author v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987). Third, Defendants do not appreciate that they must show that the claims against Defendant Hunt are both "wholly insubstantial" and "frivolous," and that recovery against Mr. Hunt is "a *legal impossibility*." *In re Briscoe*, 448 F.3d 201, 218 (3d Cir. 2006) (quoting *Batoff*, 977 F.2d at 852) (emphasis added); *see also Kallman v. Aronchick*, 981 F. Supp.

4

2d 372, 380 (E.D. Pa. 2013) (only if the plaintiff's claims are "wholly insubstantial and frivolous" will the court find fraudulent joinder).

Moreover, Defendants ignore the plain language and allegations of Plaintiff's Amended Complaint and instead seek to have the Court apply a motion to dismiss or summary judgment standard when deciding the motion. This effort includes Defendants' improper attempt in the opposition to argue against the plain language of the allegations in the complaint by offering counter "facts" that suit their narrative.[2] Indeed, Defendants go so far as to attach an exhibit to their opposition that is irrelevant as it does not serve as the basis for the allegations made in the complaint against Mr. Hunt.[3]

Despite Defendants' efforts, however, the jurisdictional inquiry is required to be evaluated under a different, far lower standard than a motion to dismiss or a motion for summary judgment. *Batoff*, 977 F.2d at 851. Indeed, the Court may not base the remand analysis on the merits of a claim or the defenses to that claim. *See id.* at 852; *see also In re Briscoe*, 448 F.3d 201, 218 (3d

---

[2] By way of example only (there are others), Defendants baldly state that Defendant Fox News Network, LLC's principal place of business is in New York and that the Court may take judicial notice of this alleged "fact." Defendants are wrong. Plaintiff has alleged Fox News' principal place of business as being in Delaware (FAC ¶ 5) and Defendants have offered no evidence to refute this allegation, which must be taken true for the purposes of Plaintiff's motion. Further, Defendants claim, again with no evidence, that there are no witnesses or documents in Delaware. This likewise is not accurate, not subject to judicial notice, and must be disregarded.

[3] Plaintiff objects to the Court's consideration of Defendants' Exhibit A in connection with the determination of the motion on multiple grounds. First, when deciding the motion, it is improper to consider alleged "evidence" outside the four corners of the operative complaint, with the exception of matters that may be the subject of judicial notice. Second, the version of the article provided by Defendants is not a version that provides the basis for Plaintiff's allegations made against Mr. Hunt in the amended complaint. Third, Defendants' have failed to request that the Court take judicial notice of the article. Fourth, even had Defendants moved for judicial notice, the Court would not be permitted to take judicial notice of the contents of the article and accept them as true as advocated by Defendants. Fifth, the Defendants have failed to provide any foundation or authentication for the article. Sixth, when offered by the Defendants, the article constitutes inadmissible hearsay.

5

Cir. 2006). "[I]nquiry into the validity of a complaint triggered by a motion to dismiss under Rule 12(b)(6) is more searching than that permissible when a party makes a claim of fraudulent joinder. Therefore, it is possible that a party is not fraudulently joined, but that the claim against that party ultimately is dismissed for failure to state a claim upon which relief may be granted." *Batoff*, 977 F.2d at 852. Indeed, mere sufficient allegations in a complaint concerning the non-diverse defendant will defeat diversity jurisdiction. *In re Briscoe*, 448 F.3d at 218-19.

To be clear, in deciding the motion, the court must consider the plain language of the plaintiff's complaint and its allegations, <u>assuming all factual allegations as true and resolving any uncertainties in the facts or the law in plaintiff's favor</u>. *Batoff*, 977 F.2d at 851-2 (quoting *Steel Valley*, 809 F.2d at 1010); *see also Boyer v. Snap-On Tools, Corp.*, 913 F.2d 108, 111 (3d Cir. 1990), cert. denied, 498 U.S. 1085 (1991). If a state court <u>could</u> find that the plaintiff's allegations are <u>plausible</u>, the district court should remand the case to state court. *Id.* For the joinder to be fraudulent, plaintiff's failure to state a claim must be "obvious according to the rules of the state." *Boyer*, 913 F.2d at 112. *See also Gateway Marine, Inc. v. Century Boat Co.*, 2009 U.S. Dist. Lexis 7552, at *6 (D.N.J.) (granting plaintiff's motion to remand even though court was "highly skeptical" that plaintiff would survive a Rule 12(b)(6) motion by non-diverse defendant) (citing *Batoff*, 977 F.2d at 852).

### C. Plaintiff's Complaint Alleges a Valid Cause of Action Against Defendant Hunt

In his well-pleaded complaint, Plaintiff alleges numerous facts and allegations against Defendant Jonathan Hunt, all of which must be taken as true for the purposes of the analysis, with all inferences made in favor of the Plaintiff. *See, e.g.*, FAC ¶¶ 86, 87, 96, 101-113, 132-138. These

facts and allegations, made pursuant to the notice pleading standard required in state court,[4] more than satisfy the requirements for a valid defamation claim under Delaware law.[5] *See, e.g., Doe v. Cahill*, 884 A.2d 451 (Del. 2005); *Preston Hollow Capital LLC v. Nuveen LLC*, 216 A.3d 1, 9 (Del.Ch. 2019). Indeed, each element of the cause of action is easily met by Plaintiff's allegations. This is especially true considering that all uncertainties in the facts <u>and the law</u> are required to be decided in Plaintiff's favor when ruling on the motion.

Further, Plaintiff has alleged facts establishing general and specific jurisdiction over Defendant Hunt.[6] *See, e.g.*, FAC ¶¶ 5, 16-18, 96, and 103. These allegations, like all others in the

---

[4] As the *McDermott* court noted, the *Iqbal* and *Twonbly* pleading standards are irrelevant to a fraudulent joinder analysis. 2020 U.S. Dist. LEXIS 22356, at *20, n.14.

[5] Relying on supposed conclusory "facts" not contained within the amended complaint, including that Plaintiff was a California resident *at the time of the defamation* and Plaintiff's cause of action accrued in California, Defendants summarily argue that California law applies to Plaintiff's claims. There is no evidentiary basis for these assertions nor may they be considered by the Court when deciding the motion. Plaintiff's actual allegations in the amended complaint, which again must be taken as true, establish that Delaware law applies to Plaintiff's defamation claims. *See, e.g.*, FAC ¶¶ 5-18. However, even if California law were found to apply (it does not), Plaintiff has alleged facts more than sufficient to establish a cause of action against Defendant Hunt under California law and its notice pleading standards. *See, e.g., Agarwal v. Johnson*, 25 Cal. 3d 932, 944-45 (1979); *Larrick v. Giloon*, 176 Cal. App. 2d 408, 416 (1959); *Coetento v. Mitchell*, 28 Cal. App. 3d 356, 358 (1972); *Taus v. Loftus*, 40 Cal. 4th 683, 720 (2007); *Lundquist v. Reusser*, 7 Cal. 4th 1193, 1202 (1994); *Okun v. Superior Court*, 29 Cal. 3d 442, 458 (1981); *Kelly v. General Telephone Co.*, 136 Cal. App. 3d 278, 285 (1982). These allegations include that Mr. Hunt re-published his defamatory statements about Plaintiff within the year prior to the filing of the amended complaint, thus satisfying the California one-year statute of limitations. *See, e.g.*, FAC ¶¶ 86, 104; *Schneider v. United Airlines*, 208 Cal. App. 3d 71, 74-75 (1989). And in a fraudulent joinder context, a district court must "resolve uncertainty in the law governing the limitations bar in plaintiff's favor." *Batoff*, 977 F.2d at 852, *In re Briscoe*, 448 F.3d at 214. As a result, Plaintiff has stated a cause of action against Mr. Hunt.

[6] It is worth noting that Defendants have not filed a motion to dismiss for lack of personal jurisdiction, nor have Defendants submitted any declarations or other evidence purporting to establish that Mr. Hunt or any other Defendant is not subject to personal jurisdiction in Delaware. This is not surprising in light of the well-pleaded allegations in the amended complaint relating to the individual defendants' extensive contacts with Delaware and their employee/agent status with

7

operative complaint, must be accepted as true. Defendants' assertion that Plaintiff can only establish jurisdiction against an out-of-state defendant in a defamation case by way of satisfying the "effects test" (D.I. 6 at 14-15) is erroneous. The "effects test" is an alternative method for establishing jurisdiction over a defendant in situations where the defendant's contacts with the forum state do not satisfy a traditional general and specific jurisdictional inquiry. *See, e.g.*, *Marten v. Godwin*, 499 F.3d 290, 296-97 (3d Cir. 2007). Here, Plaintiff need not rely on an alternative method for asserting jurisdiction as he has alleged adequate contacts by Defendant Hunt sufficient for traditional general and specific jurisdiction. Moreover, it would be inappropriate for the Court to deny remand based on Defendants' claim of lack of personal jurisdiction, made without any supporting evidence in the record. This is especially true considering (a) that Plaintiff would be entitled to jurisdictional discovery prior to any determination of the issue and (b) the well settled law in the Third Circuit that a court may not find that a party was fraudulently joined based on the merits of the claims against the non-diverse party or *his defenses*. *In re Briscoe*, 448 F.3d 201, 218 (3d Cir. 2006).

For each of these reasons, it is not *impossible* that a state court would find that the complaint states a cause of action against Defendant Hunt. As a result, the case should be remanded. *See, e.g.*, Boyer, 913 F.2d at 111.

### D. The Motion for Remand Should Be Granted Even Under Section 1447(e)

Even if the Court were to conclude that Plaintiff's motion must be analyzed pursuant to Section 1447(e) and the factors set forth in *Hensgens v. Deere & Co.*, 833 F.2d 1179 (5th Cir. 1987), remand is appropriate. *First*, there is no evidence establishing that Plaintiff added

---

Defendant Fox News – a resident of the state – at all relevant times. Further, Defendants have not moved to strike the amended complaint.

Defendant Hunt solely to defeat federal jurisdiction. To the contrary, following the filing of Plaintiff's original complaint in state court, Plaintiff for the first time discovered that Defendant Hunt had engaged in the defamatory conduct alleged in paragraph 96 of the First Amended Complaint. Prior to this time, neither Plaintiff nor his counsel were aware of the publication and re-publication of these articles by Defendant Hunt. Had they been aware of Mr. Hunt's liability, Plaintiff would have surely named Mr. Hunt in the original complaint filed in state court. Further, Plaintiff's inclusion of the domiciles of the Plaintiff, Defendant Fox News and Defendant Hunt in the amended complaint proves little. Indeed, those three domiciles are the only three listed because they are the only three Plaintiff was able to confirm from independent sources prior to amendment. Accordingly, the Court should not impute an improper motive to Plaintiff simply because Plaintiff seeks to add a non-diverse defendant post-removal.

*Second*, Plaintiff can hardly be said to have been dilatory in his amendment. In the context of the motion at issue, "dilatory" means any delay in amending the complaint was done to prolong the litigation. *See In Re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). Here, within days of the filing of the original complaint and its removal, Plaintiff promptly filed his amended complaint. No discovery had occurred and no prejudice to Defendants has resulted. The mere passage of time, unaccompanied by resulting prejudice to a defendant or the Court, is insufficient to constitute undue delay. *See, e.g., City of Perth Amboy*, 539 F. Supp. 2d at 754 (citing *Adams v. Gould, Inc.*, 739 F.2d 858, 868 (3d Cir. 1984)). Thus, this factor supports the remand of the action to state court.

*Third*, Plaintiff will be significantly injured without amendment because (a) Plaintiff's claims against Defendant Hunt are now likely time-barred as a result of the statute of limitations running since the filing of the amended complaint, resulting in the loss of Plaintiff's ability to

9

pursue recovery against Mr. Hunt for his intentional conduct in the event the amendment is not permitted; (b) if the claims are not time-barred, Plaintiff will be required to bring a separate lawsuit against Mr. Hunt, resulting in significant additional costs and inefficiencies, as well as the risk of inconsistent rulings among two separate courts, *see, e.g.*, *City of Perth Amboy*, 539 F. Supp. 2d at 754 (citing cases); and (c) Plaintiff will lose out on his choice of forum, *see, e.g., Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 77 (1991) ("Petitioner's injury is clear, for they have lost the right to sue in [state] court – the forum of their choice."). Moreover, there is no evidence at this early stage of the litigation that Plaintiff's potential claims and ability to recover will not be impacted by the exclusion of Mr. Hunt. Nor is there any evidence that Plaintiff will be able to fully recover from the remaining defendants. As a result, this factor likewise supports the granting of Plaintiff's motion.

*Fourth*, the equities do not weigh in Defendants' favor. Defendant Fox News – a resident of Delaware which routinely conducts business in Delaware and utilizes its status in Delaware and Delaware law to its advantage – immediately removed this action once its agent for service of process in Wilmington received a copy of the complaint and summons <u>from Plaintiff's process server</u> and noticed that the summons had not yet been signed. This evidences blatant forum shopping. Fox News does not face any undue prejudice by being sued in its home state Superior Court. Indeed, the purpose and intent of the removal statutes is not to protect a defendant sued in its local state court by permitting removal to federal court in the same home state based on a technicality. The statutes are designed for the exact opposite situation - to protect a diverse defendant sued in a state court that is foreign to the defendant and potentially adverse to the defendant and friendly to the plaintiff. Plaintiff is entitled to his choice of forum, especially where, as here, defendants will suffer no real prejudice.

For each of the aforementioned reasons, the motion should be granted and the matter remanded to the Superior Court.

Respectfully submitted,

SEITZ, VAN OGTROP & GREEN, P.A.

/s/ R. Karl Hill
R. KARL HILL (DE2747)
222 Delaware Avenue, Suite 1500
Wilmington, DE  19801
(302) 888-7604
khill@svglaw.com

and

Shawn R. Perez (pro hac to be filed)
LAW OFFICES OF SHAWN R. PEREZ
7121 West Craig Road, #113-38
Las Vegas, NV  89129
(720) 485-3977

*Attorneys for Plaintiff Michael Avenatti*

11