IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MICHAEL AVENATTI,

    *Plaintiff,*

  v.

FOX NEWS NETWORK, LLC, et al.,

    *Defendants.*

No. 20-cv-01541-SB

---

R. Karl Hill, SEITZ, VAN OGTROP & GREEN, P.A., Wilmington, Delaware; Shawn R. Perez, LAW OFFICES OF SHAWN R. PEREZ, Las Vegas, Nevada.

    *Counsel for Plaintiffs.*

David E. Ross, Eric D. Selden, R. Garrett Rice, ROSS ARONSTAM & MORITZ LLP, Wilmington, Delaware; Eric M. George, BROWNE GEORGE ROSS O'BRIEN ANNAGUEY & ELLIS LLP, Los Angeles, California.

    *Counsel for Defendants.*

---

**MEMORANDUM OPINION**

May 26, 2021

BIBAS, *Circuit Judge*, sitting by designation.

Michael Avenatti believes that Fox News and its media personalities defamed him. He sued them in Delaware state court, but Fox News removed the case to this Court. Avenatti immediately added a nondiverse defendant and moved to remand to state court. But he cannot maneuver his way out of diversity jurisdiction. So I will drop the new defendant and deny his motion to remand.

## I. BACKGROUND

In 2018, Avenatti was arrested. Compl. ¶ 73, D.I. 1-1. Because he was a celebrity lawyer, many news outlets covered his arrest. He says that one of them, the Fox News Network, lied about the details of the arrest. *Id.* ¶¶ 105, 130–36.

In 2020, Avenatti sued Fox News and many of its hosts and correspondents for defamation in Delaware Superior Court. Compl. ¶ 2. Four days later, Fox News removed to federal court based on complete diversity of citizenship. D.I. 1 ¶¶ 4–5. Avenatti is a California resident, while Fox News is a citizen of Delaware and New York. D.I. 1 ¶¶ 9, 11; First Am. Compl. ¶¶ 4, 5, 17, D.I. 3. Fox News's employees are citizens of Connecticut, Louisiana, Maryland, New York, Virginia, or the District of Columbia. D.I. 1 ¶¶ 12–17.

As a Delaware resident, Fox News ordinarily would not have been able to remove from Delaware state court to federal court. 28 U.S.C. § 1441(b)(2). But here it could do so because, when it removed, it had not yet been properly served. D.I. 1 ¶ 2; *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 152–54 (3d Cir. 2018). And because none of the employees had been served yet, they did not have to join in

2

the removal. *Lewis v. Rego Co.*, 757 F.2d 66, 68 (3d Cir. 1985). Avenatti does not challenge the removal on these grounds.

Instead, a week after he first sued, Avenatti filed an amended complaint adding a new defendant, Fox News correspondent Jonathan Hunt. Am. Compl. ¶ 16. Because he filed this amendment within twenty-one days of the initial complaint, he did not need leave of the court or the opposing parties. Fed. R. Civ. P. 15(a)(1)(A). Hunt resides in California. Am. Compl. ¶ 16. So Avenatti now moves to remand because there is no longer complete diversity of citizenship, depriving this Court of diversity jurisdiction. D.I. 4, at 1. His motion does not explain why he did not name Hunt as a defendant at first, even though the original complaint mentioned him. *Id.* at 2–3; Compl. ¶ 85. Defendants oppose the motion and ask me to strike the amended complaint. D.I. 6, at 19.

## II. AVENATTI MAY NOT DESTROY FEDERAL JURISDICTION BY JOINING HUNT

When a case is removed from state to federal court, a plaintiff cannot defeat subject-matter jurisdiction simply by joining more defendants. Instead, if a plaintiff "seeks" to do so, he must first get the district court's approval. 28 U.S.C. § 1447(e). The court has the power to either deny joinder or allow it and remand the case to state court. *Id.* Defendants argue that this statute gives me discretion to refuse to let Avenatti join Hunt. D.I. 6, at 1. Avenatti, however, counters that he does not "seek" to join Hunt—he has already done so as of right under Rule 15(a)(1). So he says that unless Hunt's joinder was fraudulent, I must remand. D.I. 4, at 5–6.

Defendants are largely right. True, §1447(e) does not empower me to deny a joinder that has already happened as of right. But Avenatti cannot use this gap in the statute to destroy federal jurisdiction. District courts may cure jurisdictional defects by dropping a party at any time "on just terms." Fed. R. Civ. P. 21. Avenatti created the defect after removal by adding a jurisdiction-destroying defendant. The fraudulent-joinder doctrine does not apply after a proper removal to federal court. So this situation is not governed by that doctrine, but by the factors courts consider under §1447(e). Those factors favor dropping Hunt and denying Avenatti's motion to remand.

### A. Courts should treat post-removal, jurisdiction-destroying joinders just as they treat joinders sought under §1447(e)

Often, a plaintiff must seek the district court's leave to amend his complaint. Fed. R. Civ. P. 15(a)(2). If the plaintiff proposes a joinder that would destroy diversity jurisdiction, and the case has already been removed to federal court, the court has discretion to grant or deny the amendment. §1447(e). But that process seems to have a gap: when a plaintiff amends a complaint within twenty-one days of serving the complaint, answer, or motion to dismiss, he does not need the court's permission. R. 15(a)(1). He can amend as of right. And if that amendment adds a new, nondiverse defendant, the court seems stuck: it cannot review the propriety of that joinder but must instead remand for lack of jurisdiction. §1447(c).

Most courts prevent this trick from tying the court's hands. If district courts could not police these joinders, plaintiffs could routinely destroy diversity jurisdiction soon after removal. *Kauders v. Uber Techs., Inc.*, No. 16-11659-FDS, 2017 WL 1652551, at

4

*3 n.2 (D. Mass. May 1, 2017). So most courts recognize a district court's power to reject such post-removal joinders, even those made as of right. *Mayes v. Rapoport*, 198 F.3d 457, 462 n.11 (4th Cir. 1999); *see, e.g.*, *McGee v. State Farm Mut. Auto Ins. Co.*, 684 F. Supp. 2d 258, 261 (E.D.N.Y. 2009) (collecting cases); *Bevels v. Am. States Ins. Co.*, 100 F. Supp. 2d 1309, 1312 (M.D. Ala. 2000) (same); 14C Wright & Miller, *Federal Practice & Procedure: Jurisdiction & Related Matters* § 3739.1, at 790–94 (rev. 4th ed. 2018); *accord Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 762 (7th Cir. 2009) (following *Mayes*).

Some courts read § 1447(e) as letting them deny even amendments as of right that would destroy diversity. *See, e.g.*, *Bevels*, 100 F. Supp. 2d at 1313; *Marroquin v. Target Corp.*, No. 19-00341, 2019 WL 2005793, at *5 (C.D. Cal. May 7, 2019). But the statute's text addresses situations where "the plaintiff *seeks* to join additional defendants." § 1447(e) (emphasis added). We need not expand the text. The rules already give district courts another way to police joinders, even those as of right. The court, "on motion or on its own," can "at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. So it can use Rule 21 "to dismiss dispensable parties to the suit in order to preserve diversity." *CGB Occupational Therapy, Inc. v. RHA Health Servs. Inc.*, 357 F.3d 375, 381 n.6 (3d Cir. 2004).

Even though § 1447(e) does not govern amendments as of right, its factors are not irrelevant; courts can look to them by analogy. After removal, courts should consider under Rule 21 the same factors that they consider under § 1447(e) in deciding whether to drop a party to maintain diversity. *McGee*, 684 F. Supp. 2d at 262; *see also Mayes*,

198 F.3d at 462 n.11 (citing Rule 21 in reasoning that §1447(e) applies to amendments as of right). Whether the joinder is proposed or has already happened, the inquiry is the same: should the federal court remand because of a new nondiverse party, or not? *See* 16 *Moore's Federal Practice Civil* §107.151 (2019).

True, not all courts agree on this point. Some have held that §1447(e) does not apply because plaintiffs who amend as of right do not "seek[]" to join a nondiverse defendant. *See, e.g., McDermott v. CareAllies, Inc.*, No. 2:20-cv-03496-KSH-CLW, 2020 WL 7022749, at *4–5 (D.N.J. Nov. 30, 2020 (collecting cases). They will not disregard the joinder and retain jurisdiction unless they find that the new defendant was fraudulently joined. For a joinder to be fraudulent, there must be no "colorable ground" supporting the claim against it. *Id.* at *7 (quoting *In re Briscoe*, 448 F.3d 201, 217 (3d Cir. 2006)).

Though Avenatti asks me to apply the fraudulent-joinder test, I will not. Fraudulent joinder is "an exception to the requirement that *removal* be predicated solely upon complete diversity." *Briscoe*, 448 F.3d at 215–16 (emphasis added). The doctrine applies only at the moment of removal—when the district court assures itself of its jurisdiction—not after a case has been legitimately removed. *See Mayes*, 198 F.3d at 461; *Cobb v. Delta Exports, Inc.*, 186 F.3d 675, 677–78 (5th Cir. 1999). Instead, I find that under Rule 21, it would be "just" to drop a nondiverse defendant added later if the factors under §1447(e) would counsel against granting a discretionary joinder.

**B. The §1447(e) factors favor denying Avenatti's motion to remand**

To decide whether to allow joinder under §1447(e), many district courts apply the factors set out in *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987). *See,*

6

*e.g.*, *Gumberg Assocs.–Chapel Square v. Keybank Nat'l Ass'n*, No. 2:20-cv-01661-CCW, 2021 WL 492880, at *3–4 (W.D. Pa. Feb. 10, 2021). I will too. So I consider:

- whether the amendment's *purpose* is to defeat diversity jurisdiction;
- whether denying amendment will *prejudice* the plaintiff;
- whether the plaintiff has *delayed* in seeking to amend; and
- any other equities.

*Hensgens*, 833 F.3d at 1182. Plus, I cannot drop Hunt under Rule 21 if he is an indispensable party according to Rule 19(b). *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 421 (3d Cir. 2010).

1. *Purpose.* First, I find that Avenatti's purpose in amending was to defeat diversity jurisdiction. He joined Hunt just three days after removal and moved to remand just five days later. *See* D.I. 3; D.I. 4. When a plaintiff adds a nondiverse defendant right after removal but before any discovery, the court will suspect that he is trying to defeat federal jurisdiction. *Mayes*, 198 F.3d at 463.

The minor substantive differences between the two complaints confirm Avenatti's purpose. The original complaint mentions Hunt, noting that he said on the air that Avenatti "left court last night" after the arrest (which Avenatti says is false). Compl. ¶ 85. All the amended complaint adds is the label "Defendant" right before "Hunt." Am. Compl. ¶ 86. The amended complaint also includes one more substantive allegation, charging Hunt and Fox News with publishing an internet article stating that Avenatti was "out on bail after domestic violence charge[s]" and that he "was formally charged last week with felony domestic violence." *Id.* ¶ 96. But Avenatti had already charged Fox News and the other employees with making nearly identical statements

7

on the air and on the web. Compl. ¶¶ 82–91; Am. Compl. ¶¶ 83–92, 97. The extra article adds little.

Plus, Avenatti knew about Hunt's potential liability at the outset. He mentioned Hunt in the original complaint. Yet his motion to remand never explains why he did not name Hunt as a defendant from the get-go. All he does say, in his reply brief and without elaboration, is that he did not know of the additional article until after he filed in state court. That claim is suspicious: no discovery had occurred yet, so he had no occasion to learn anything new. In short, Avenatti's evident purpose was to destroy diversity jurisdiction. Under *Hensgens*, that factor favors remand.

2. *Prejudice*. Second, the slight changes also suggest that dropping Hunt will not prejudice Avenatti, so this *Hensgens* factor favors remand. In a sea of similar allegations, Avenatti charges Hunt with only two defamatory statements. Am. Compl. ¶¶ 86, 96. And he asserts each charge against Hunt equally against his employer, Fox News. *See Wells v. Certainteed Corp.*, 950 F. Supp. 200, 201 (E.D. Mich. 1997). That means that Avenatti can recover fully against Fox News, without Hunt. That also means that Hunt is dispensable. Rule 19 does not require joining joint tortfeasors or both principal and agent. *Lomando v. United States*, 667 F.3d 363, 384 (3d Cir. 2011).

In response, Avenatti argues that he cannot now sue Hunt separately because his claims will be time-barred. D.I. 8, at 9. I need not remand just because the statute of limitations may bar these claims, especially because Avenatti can recover fully without Hunt. *See Smith v. White Consol. Indus., Inc.*, 229 F. Supp. 2d 1275, 1282 (M.D.

8

Ala. 2002) (citing *Ingram v. CSX*, 146 F.3d 858, 863 (11th Cir. 1998)). Even if he is right, Avenatti will not be prejudiced.

3. *Delay*. Avenatti amended quickly, so he was not dilatory under another *Hensgens* factor. But that does not overcome my conclusion that he added Hunt to defeat diversity jurisdiction and will not suffer if I drop him.

\* \* \* \* \*

Though § 1447(e) by its terms does not limit amendments as of right after removal, I still apply the factors under § 1447(e) in deciding whether to drop a party under Rule 21. Because Avenatti probably added Hunt only to defeat federal diversity jurisdiction, I am dropping Hunt from the case. I thus deny Avenatti's motion to remand.