IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF DELAWARE

| | |
|---|---|
| MICHAEL AVENATTI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 20-cv-01541-SB |
| ) | |
| FOX NEWS NETWORK, LLC, a Delaware ) | |
| Limited Liability Company; SEAN ) | |
| HANNITY; LAURA INGRAHAM; MARIA ) | |
| BARTIROMO; HOWARD KURTZ; ) | |
| SHANNON BREAM; BRET BAIER; TRISH ) | |
| REGAN; RAYMOND ARROYO; JON ) | |
| SCOTT; and LELAND VITTERT, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN
SUPPORT OF THEIR MOTION TO DISMISS THE AMENDED COMPLAINT**

Plaintiff Michael Avenatti's ("Plaintiff" or "Mr. Avenatti") Amended Complaint, D.I. 3 ("AC"), weaves a lengthy narrative filled with references to news reports and similar materials. Pursuant to Federal Rule of Evidence 201, Defendants Fox News Network, LLC, Sean Hannity, Laura Ingraham, Maria Bartiromo, Howard Kurtz, Shannon Bream, Bret Baier, Trish Regan, Raymond Arroyo, Jon Scott, and Leland Vittert (collectively, "Defendants") respectfully submit this request for judicial notice of a limited number of similar sources in connection with their Motion to Dismiss, D.I. 11, and attached as exhibits to the Transmittal Declaration of R. Garrett Rice in Support of Defendants' Opening Brief in Support of their Motion to Dismiss the Amended Complaint, D.I. 13 (the "Transmittal Declaration").[1]

---

[1] A copy of the Transmittal Declaration, without the accompanying Exhibits, is attached hereto for reference as Exhibit A. All other references in this Request to an "Exhibit" or "Ex." refer to the Exhibits to the Transmittal Declaration.

## ARGUMENT

"The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "[A] district court must take judicial notice 'if requested by a party and supplied with the necessary information.'" *In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1331 (3d Cir. 2002) (quoting Fed. R. Evid. 201). "The court may take judicial notice at any stage of the proceeding[,]" Fed. R. Evid. 201(d), including "in considering a motion to dismiss[,]" *Meyers v. Heffernan*, 740 F. Supp. 2d 637, 640 n.4 (D. Del. 2010). *See also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (at motion to dismiss stage, there are "matters of which a court may take judicial notice"); *Winer Fam. Tr. v Queen*, 503 F.3d 319, 327 (3d Cir. 2007) (similar). "[T]he consideration of the judicially noticed facts does not convert the motion [to dismiss] into a Rule 56 motion for summary judgment." *Southmark Prime Plus, L.P. v. Falzone*, 776 F. Supp. 888, 892 (D. Del. 1991); *see also M&M Stone Co. v. Pa.*, 388 F. App'x 156, 162 (3d Cir. 2010) (rejecting argument "that the District Court should have converted the motions to dismiss into ones for summary judgment" upon taking judicial notice of documents).

Defendants request that the Court take judicial notice of three categories of documents and information: (1) news articles and broadcasts, (2) information and reports from a state bar association, and (3) Twitter "tweets."

**I.     News Articles and Broadcasts are Judicially Noticeable.**

In their Opening Brief in Support of their Motion to Dismiss the Amended Complaint, D.I. 12, (the "Motion to Dismiss Brief"), Defendants refer to several news articles. *See* Exs. 2-4, 7, 10-12, 21-22, 25, 28-29, 38-39. This Court may take judicial notice of news articles because "[t]heir publication is 'not subject to reasonable dispute in that [they are] . . . capable of accurate

and ready determination by resort to sources whose accuracy cannot be questioned.'" *Benak ex rel. Alliance Premier Growth Fund v. Alliance Capital Mgmt. L.P.*, 435 F.3d 396, 401 n.15 (3d Cir. 2006) (quoting Fed. R. Evid. 201(b)(2)) (affirming "the District Court's decision to take judicial notice of newspaper articles"); *see also Ieradi v. Mylan Labs., Inc.*, 230 F.3d 594, 598 n.2 (3d Cir. 2000) (taking judicial notice of "an article in the New York Times"); *Averill v. Celello*, 2013 WL 6513842, at *1 n.2 (D. Del. Dec. 11, 2013) ("tak[ing] judicial notice of an obituary notice in the Delaware News Journal"); *In re Merck Co., Inc., Sec., Derivative & "ERISA" Litig.*, 2006 WL 8460903, at *5 (D.N.J. Jan. 20, 2006) ("Law in the Third Circuit has recently crystalized which permits judicial notice of the newspaper articles submitted by Defendants . . . ."; "tak[ing] judicial notice of the 40 new[s] stories submitted by Defendants in their Motion to Dismiss").

The same logic applies to the television broadcasts cited in the Motion to Dismiss Brief. *See* Exs. 5-6, 8-9, 13-20, 23-24, 26-27, 30-37. As an initial matter, many of these broadcasts are referenced in the Amended Complaint. *See* AC ¶¶ 82-88, 91-92 & Exs. 30-37. In considering a motion to dismiss, "a court may consider . . . documents incorporated into the complaint by reference." *Astrazeneca AB v. Dr. Reddy's Labs., Inc.*, 209 F. Supp. 3d 744, 752 (D. Del. 2016). Thus, the Court can consider those broadcasts even without taking judicial notice.

In any event, the Court can take judicial notice of all of the referenced television broadcasts. *See Molthan v. Meredith Corp.*, 2018 WL 691338, at *12 (M.D. Tenn. Feb. 2, 2018) (taking judicial notice of "televised news reports"), *report and recommendation adopted by* 2018 WL 2387235 (M.D. Tenn. May 25, 2018).[2] Indeed, federal courts regularly take judicial notice of

---

[2] *See also Food Lion, Inc. v. Capital Cities/ABC, Inc.*, 964 F. Supp. 956, 964 n.5 (M.D.N.C. 1997) ("Although the [ABC *Prime Time Live*] broadcast was never presented at trial, the Court takes judicial notice of its contents. Because it was publicly disseminated, it is 'capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.'") (quoting Fed. R. Evid. 201(b)), *aff'd on other grounds*, 194 F.3d 505 (4th Cir. Oct. 20, 1999);

3

television broadcasts in defamation actions.  *See, e.g.*, *Anderson v. Cramlet*, 789 F.2d 840, 845 (10th Cir. 1986) (concluding that "the district court could take judicial notice of [the] contents" of a televised show introduced at trial, and affirming decision that allegedly defamatory statements were substantially true); *Watkins v. Cable News Network, Inc.*, 2018 WL 1970747, at *1 n.4 (D. Md. Apr. 25, 2018) (taking judicial notice of "C-SPAN recording" that was "televised on C-SPAN" and dismissing defamation claim); *Gales v. CBS Broad., Inc.*, 2004 WL 1961680, at *2 (S.D. Miss. July 9, 2004) (taking judicial notice of the "written transcript of the . . . broadcast" that was "clearly referred to in the complaint" and "central to the dispute," and dismissing defamation claim), *aff'd*, 124 F. App'x 275 (5th Cir. 2005); *Marks v. City of Seattle*, 2003 WL 23024522, at *2 (W.D. Wash. Oct. 16, 2003) (taking judicial notice of television "broadcasts at issue" and dismissing defamation claim); *Harris v. City of Seattle*, 2003 WL 1045718, at *2 (W.D. Wash. Mar. 3, 2003) (same).

The cited articles and broadcasts are instructive as to the information regarding Plaintiff and his arrest that was reported by various news outlets and in the public realm at the time of the alleged defamatory statements, and therefore, judicial notice is appropriate here.

**II.     Bar Records are Judicially Noticeable.**

The Court may also take judicial notice of the State Bar of California records referenced in footnote 2 of the Motion to Dismiss Brief.  *See Jackson v. Med. Bd. of Cal.*, 424 F. App'x 670 (9th Cir. 2011) ("tak[ing] judicial notice of the California State Bar Association records involving

---

*Christa McAuliffe Intermediate Sch. PTO, Inc. v. de Blasio*, 364 F. Supp. 3d 253, 263 (S.D.N.Y. 2019) ("tak[ing] judicial notice of the statements made . . . in a television interview"), *aff'd*, 788 F. App'x 85 (2d Cir. 2019); *United States v. Pickard*, 100 F. Supp. 3d 981, 989 (E.D. Cal. 2015) (taking judicial notice of "televised interview on 'CBS This Morning'"); *Am. Cyanamid Co. v. S.C. Johnson & Son, Inc.*, 729 F. Supp. 1018, 1021-22 (D.N.J. 1989) (taking judicial notice of contents of "one of defendant's television advertisements").

Walter J. Roberts IV"); *Lac v. Nationstar Mortg. LLC*, 2016 WL 1212582, at *4 (E.D. Cal. Mar. 28, 2016) ("the court takes judicial notice of Bolanos's profile on the California Bar Association's website"); *Davis v. Hollins Law*, 25 F. Supp. 3d 1292, 1298 n.5 (E.D. Cal. 2014) (similar); *Brady v. Wal-Mart Stores, Inc.*, 2010 WL 4392566, at *4 n.9 (E.D.N.Y. Oct. 29, 2010) (similar). For example, the Court can take judicial notice of Mr. Avenatti's lack of eligibility to practice law. *See Brannan v. U.S. Bank Nat'l Ass'n*, 2018 WL 4922390, at *1 n.1 (S.D. Tex. Oct. 10, 2018) ("The Court takes judicial notice that Brannan . . . , according to the website of the State Bar of Texas, is no longer eligible to practice law in Texas."); *Thompson v. Zante, Inc.*, 2008 WL 4452138, at *1 & n.1 (N.D. Cal. Oct. 3, 2008) (citing "website of the State Bar of California" and taking judicial notice that individual "is no longer eligible to practice law"); *see also United States ex rel. Joseph F. Tommasino, P.A. v. Guida*, 2017 WL 878587, at *9 (E.D.N.Y. Mar. 6, 2017) (taking judicial notice of attorney's "active status with the Pennsylvania Bar Association"); *Robinett v. Opus Bank*, 2013 WL 5850873, at *3 (W.D. Wash. Oct. 30, 2013) (similar).

Likewise, the Court can take judicial notice of any complaints against or disciplinary proceedings involving Mr. Avenatti. *See Feingold v. Graff*, 516 F. App'x 223, 225 (3d Cir. 2013) (affirming decision to take "judicial notice of [attorney's] disciplinary history"); *see also United States v. Walker*, 761 F. App'x 822, 833 (10th Cir. 2019) ("matters in state bar disciplinary proceedings are subject to judicial notice"); *White v. Martel*, 601 F.3d 882, 885 (9th Cir. 2010) ("state bar records reflecting disciplinary proceedings . . . . are appropriate for judicial notice"); *United States v. Yarrington*, 838 F. Supp. 2d 832, 834 n.1 (C.D. Ill. 2012) (similar).

**III.     Tweets are Judicially Noticeable.**

The Motion to Dismiss Brief refers to three tweets: one from the Los Angeles Police Department regarding the basis for Mr. Avenatti's arrest (which his complaint is silent on), *see* Mot. to Dismiss Br. at 4 & Ex. 1, and two by Mr. Avenatti discussing part of the platform for his

5

nascent Presidential campaign and his withdrawal from that race, *see* Mot. to Dismiss Br. at 3-4, 8. A Twitter user's posts (or "tweets") are subject to judicial notice, as "the veracity of [such a] statement 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.'" *Hawaii v. Trump*, 859 F.3d 741, 773 n.14 (9th Cir. 2017) (quoting Fed. R. Evid. 201(b)(2)) (taking judicial notice of tweets), *vacated on other grounds*, 138 S. Ct. 377 (2017); *You Map, Inc. v. Snap Inc.*, 2021 WL 106498, at *4 (D. Del. Jan. 12, 2021) (recommending that court take judicial notice of "thirteen publicly available social media posts in connection with Moving Defendants' motion to dismiss"), *report and recommendation adopted by* 2021 WL 327388 (D. Del. Feb. 1, 2021).[3] That Mr. Avenatti's and the Los Angeles Police Department's Twitter accounts are both "verified" (as indicated by a blue checkmark) strengthens the case for judicial notice. *See Nat'l Rifle Ass'n*, 441 F. Supp. 3d at 933 n.6 ("The Court therefore takes judicial notice of O'Farrell's statements via his verified Twitter account.").

Indeed, Mr. Avenatti has argued elsewhere that "the Court can take judicial notice" of tweets. *See* Defendant Avenatti's Memorandum of Law in Support of His Motion to Dismiss Indictment for Vindictive and Selective Prosecution, and for Discovery at 42 n.20, *United States v. Avenatti*, 2019 WL 4164926 (S.D.N.Y. Aug. 14, 2019) (No. 19-cr-00372-PGG) (D.I. 29). In arguing that "President Trump . . . and his family have demonstrated genuine animus toward

---

[3] *See also United States v. Flynn*, --- F. Supp. 3d ---, 2020 WL 7230702, at *6 n.6 (D.D.C. 2020) (taking judicial notice of tweets); *Rock the Vote v. Trump*, 2020 WL 6342927, at *3-4 nn.1-2 (N.D. Cal. Oct. 29, 2020) (same); *Ganske v. Mensch*, 480 F. Supp. 3d 542, 545-46 (S.D.N.Y. 2020) (same); *In re Twitter, Inc. Sec. Litig.*, 2020 WL 4187915, at *2-3 (N.D. Cal. Apr. 17, 2020) (same); *Olson v. Cal.*, 2020 WL 905572, at *4 (C.D. Cal. Feb. 10, 2020) (same), *appeal filed*, C.A. No. 20-55267 (9th Cir. Mar. 11, 2020); *Nat'l Rifle Ass'n of Am. v. City of L.A.*, 441 F. Supp. 3d 915, 933 n.6 (C.D. Cal. 2019) (same) *Unsworth v. Musk*, 2019 WL 5550060, at *4 (N.D. Cal. Oct. 28, 2019) (same); *Christa McAuliffe Intermediate Sch. PTO*, 364 F. Supp. 3d at 263 (same); *Alexander v. Metro-Goldwyn-Mayer Studios Inc.*, 2017 WL 5633407, at *3 (C.D. Cal. Aug. 14, 2017) (taking judicial notice of "Twitter account screenshots").

Mr. Avenatti," Mr. Avenatti relied on (and provided a link to) the Twitter page of Donald Trump, Jr., and argued that judicial notice of Mr. Trump, Jr.'s "various tweets" was proper. *Id.*

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court take judicial notice of the documents and information cited in Defendants' Opening Brief in Support of their Motion to Dismiss the Amended Complaint, including the Exhibits thereto.[4]

    Respectfully submitted,

    ROSS ARONSTAM & MORITZ LLP

    /s/ David E. Ross

| | |
|---|---|
| *Of Counsel*: | David E. Ross (Bar No. 5228) |
| | Eric D. Selden (Bar No. 4911) |
| Eric M. George (*admitted pro hac*) | R. Garrett Rice (Bar No. 6242) |
| Richard A. Schwartz | 100 South West Street, Suite 400 |
| Katherine F. Murray | Wilmington, Delaware 19801 |
| BROWNE GEORGE ROSS O'BRIEN | (302) 576-1600 |
|   ANNAGUEY & ELLIS LLP | dross@ramllp.com |
| 2121 Avenue of the Stars, Suite 2800 | eselden@ramllp.com |
| Los Angeles, California 90067 | grice@ramllp.com |
| (310) 274-7100 | |
| egeorge@bgrfirm.com | *Attorneys for Fox News Network, LLC, Laura Ingraham, Maria Bartiromo, Howard Kurtz, Shannon Bream, Bret Baier, Trish Regan, Raymond Arroyo, Jon Scott, and* |
| June 15, 2021 | *Leland Vittert* |

---

[4] As noted in the Motion to Dismiss this Court can decide Defendants' Motion to Dismiss in Defendants' favor without taking judicial notice of the cited materials. Mot. to Dismiss Br. at 3 n.2. To the extent the Court is not inclined to consider the cited materials without converting Defendants' Motion to Dismiss to a motion for summary judgment, Defendants respectfully withdraw their request for judicial notice.

## **RULE 7.1.1 CERTIFICATION**

The undersigned hereby certifies that counsel for the parties met and conferred on two occasions regarding the subject of the foregoing request. Counsel for Plaintiff has indicated that Plaintiff opposes the request.

*/s/ David E. Ross*
David E. Ross (Bar No. 5228)