IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF DELAWARE

| | |
|---|---|
| MICHAEL AVENATTI, | ) |
| Plaintiff, | ) ) ) |
| v. | ) C.A. No. 20-cv-01541-SB ) |
| FOX NEWS NETWORK, LLC, a Delaware Limited Liability Company; SEAN HANNITY; LAURA INGRAHAM; MARIA BARTIROMO; HOWARD KURTZ; SHANNON BREAM; BRET BAIER; TRISH REGAN; RAYMOND ARROYO; JON SCOTT; and LELAND VITTERT, | ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

### DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF THEIR MOTION TO STRIKE AMENDED COMPLAINT PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE § 425.16

Pursuant to Rule 201 of the Federal Rules of Evidence, Defendants Fox News Network, LLC, Sean Hannity, Laura Ingraham, Maria Bartiromo, Howard Kurtz, Shannon Bream, Bret Baier, Trish Regan, Raymond Arroyo, Jon Scott, and Leland Vittert (collectively, "Defendants") respectfully request that the Court take judicial notice of the documents attached to the Transmittal Declaration of R. Garrett Rice In Support of Defendants' Opening Brief In Support of Their Motion to Strike Amended Complaint, D.I. 17 (the "Transmittal Declaration"),[1] and filed contemporaneously with Defendants' special Motion to Strike Plaintiff Michael Avenatti's

---

[1] A copy of the Transmittal Declaration, without the accompanying Exhibits, is attached hereto for reference as Exhibit 1. All other references in this Request to an "Exhibit" or "Ex." refer to the Exhibits to the Transmittal Declaration.

("Plaintiff" or "Mr. Avenatti") Amended Complaint (the "Amended Complaint" or "AC") pursuant to California's "anti-SLAPP" statute, D.I. 15.

## ARGUMENT

Courts are empowered to take notice of "fact[s] that [are] not subject to reasonable dispute because [they] . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. Each of Exhibits A-X meet this criteria, and are thus appropriate subjects of judicial notice. The Exhibits fall into three categories: (i) public court filings, (ii) statements made by police, and (iii) public news articles.

### I. Court Filings (Exs. A, J-M, T, V, W)

Exhibits A, J-M, T, V, and W should be judicially noticed by this Court, as they are public court filings involving Mr. Avenatti. Courts routinely take judicial notice of such filings as matters of public record. *See S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp. Ltd.*, 181 F.3d 410, 426 (3d Cir. 1999) (courts are empowered to take judicial notice of "public records, including judicial proceedings"); *Southmark Prime Plus, L.P. v. Falzone*, 776 F. Supp. 888, 892 (D. Del. 1991) (taking judicial notice of "court records from another jurisdiction" because "[t]hese are materials that cannot be reasonably disputed and whose accuracy cannot reasonably be questioned"); *Recovery Fund II USA LLC v. Rabobank, Nat'l Ass'n*, 2020 WL 509166, at *2 n.3 (D. Del. Jan. 31, 2020), *report and recommendation adopted*, 2020 WL 777271 (D. Del. Feb. 18, 2020) (taking judicial notice of court records); *Schuylkill Health Sys. v. Cardinal Health, Inc.*, 2014 WL 3805466, at *1 n.1 (E.D. Pa. Mar. 14, 2014) ("The Court will take judicial notice of these court filings because, as public filings on the docket of a district court, they can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); *Jamaladdin v. Dietterick*, 2012 WL 5464999, at *1 n.1 (E.D. Pa. Nov. 8, 2012) (taking judicial

notice of state court filings involving plaintiff because "their content is 'not subject to reasonable dispute'"). *See also Blatt v. Pambakian*, 432 F. Supp. 3d 1141, 1165 (C.D. Cal. 2020) (taking judicial notice of documents filed in two different court proceedings in connection with anti-SLAPP motion as "matters of public record") (citing *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006)).

## II.     Police Statements and Tweets (Exs. F-H)

Exhibits G and H, a tweet and press release, respectively, authored by the Los Angeles Police Department regarding Mr. Avenatti's November 2018 arrest, are also subject to judicial notice, as their content "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *See* Fed. R. Evid. 201(b)(2); *Vanderklok v. United States*, 868 F.3d 189, 205 n.16 (3d Cir. 2017) (taking judicial notice of information "publicly available on government websites"); *Yusupov v. Att'y Gen. of U.S.*, 650 F.3d 968, 985 n.23 (3d Cir. 2011) (taking judicial notice of statements on a website); *Harmon v. Sussex Cty.*, 2019 WL 4344635, at *8 (D. Del. Sept. 12, 2019), *aff'd*, 810 F. App'x 139 (3d Cir. 2020) (taking judicial notice of information appearing on the official website for the State of Delaware); *Freed v. St. Jude Med., Inc.*, 2017 WL 4102583, at *2 (D. Del. Sept. 15, 2017) (taking judicial notice of documents available on government website as "indisputably authentic"); *Davis v. FBI*, 2013 WL 6852351, at *1 n.3 (D. Del. Dec. 27, 2013) (taking judicial notice of press statement appearing on FBI's website); *Sturgeon v. Pharmerica Corp.*, 438 F. Supp. 3d 246, 259 (E.D. Pa. 2020) ("[I]nformation found on government websites is widely considered both self-authenticating and subject to judicial notice."). *See also Rock the Vote v. Trump*, 2020 WL 6342927, at *3 n.1 (N.D. Cal. Oct. 29, 2020) ("The Court takes judicial notice of the existence of the tweets and other public statements . . . as information available on publicly available websites."); *Stowers v. Macias*, 2019 WL 2807872,

at *1 n.4 (C.D. Cal. June 14, 2019), *report and recommendation adopted*, 2019 WL 2764123 (C.D. Cal. July 1, 2019) (taking judicial notice of information on Riverside County Sheriff's Department's website because it was "not subject to reasonable dispute"); *Clark v. Super. Ct. of Cal.*, 2019 WL 1114881, at *1 n.2 (S.D. Cal. Mar. 11, 2019) (taking judicial notice of the San Diego Sherriff's Department website, which stated that "Plaintiff was booked by the La Mesa Police Department on October 13, 2018, and has been charged with felony child abuse . . . .").

Moreover, for the reasons set forth in Defendants' Motion Requesting Judicial Notice in Support of their Motion to Dismiss the Amended Complaint, Exhibit H also is judicially noticeable as a tweet. D.I. 26 at Section III. Exhibit F, a tweet authored by Mr. Avenatti, is also subject to judicial notice on this ground. *Id*.

**III.   Public News Articles (Exs. B-E, I, N-S, U, X)**

The Court may consider the news articles contained in Exhibits B–E, I, N–S, U, and X because Mr. Avenatti references many of them in his Amended Complaint. *Compare* AC ¶ 84 (referencing a segment from "Fox News program *The Angle*" broadcast on November 15, 2018) *with* Ex. X (a reproduction of the text from that broadcast); *compare* ¶ 43 (referencing "media coverage of [Mr. Avenatti]'s potential [presidential] candidacy" in publications like "*The Guardian, New York Times, Des Moines Register*, and on CNN and NBC News") *with* Exs. B, C, I, N, O, U (articles from CNBC, Des Moines Register, NPR, Los Angeles Times, LA Magazine, and AP News covering Mr. Avenatti's potential candidacy). *See also* AC ¶¶ 29, 37 (referencing the "extensive local and national press coverage" Mr. Avenatti received, as well as his "extensive media strategy"). "[U]nder the doctrine of incorporation by reference . . . the Court may consider not only documents attached to the complaint, but also documents whose contents are alleged in the complaint . . . ." *Glendening v. Fair Acres Geriatric Ctr.*, 2019 WL 5550977, at *1 n.2 (E.D.

Pa. Oct. 28, 2019) (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997)).

Regardless, however, Exhibits B–E, I, N–S, U, and X are judicially noticeable news articles. *See* D.I. 26 at Section I. Courts may take judicial notice of news reports to evaluate "what was in the public realm" at a given time, especially where, as here, the relevance lies in the fact of the reporting itself, which is not subject to reasonable dispute. *See Benak ex rel. Alliance Premier Growth Fund v. Alliance Capital Mgmt. L.P.*, 435 F.3d 396, 401 n.15 (3d Cir. 2006). A sampling of the publications reporting Mr. Avenatti's legal troubles evidences Defendants' argument that Mr. Avenatti's public reputation—i.e., what was in the public realm about Mr. Avenatti—was unaffected by the conduct at issue in this action. *See, e.g.*, Ex. O ("Zero tax returns filed? 432 years in prison? It all adds up to trouble for the Newport Beach lawyer[.]").

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that this Court take judicial notice of Exhibits A–X to the Transmittal Declaration of R. Garrett Rice In Support of Defendants' Opening Brief In Support of Their Motion to Strike Amended Complaint.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | ROSS ARONSTAM & MORITZ LLP |
|  | */s/ David E. Ross* |
| *Of Counsel*: | David E. Ross (Bar No. 5228) |
|  | Eric D. Selden (Bar No. 4911) |
| Eric M. George  (*admitted pro hac*) | R. Garrett Rice (Bar No. 6242) |
| Richard A. Schwartz | 100 South West Street, Suite 400 |
| Katherine F. Murray | Wilmington, Delaware  19801 |
| BROWNE GEORGE ROSS O'BRIEN | (302) 576-1600 |
|   ANNAGUEY & ELLIS LLP | dross@ramllp.com |
| 2121 Avenue of the Stars, Suite 2800 | eselden@ramllp.com |
| Los Angeles, California 90067 | grice@ramllp.com |
| (310) 274-7100 |  |
| egeorge@bgrfirm.com | *Attorneys for Fox News Network, LLC, Laura Ingraham, Maria Bartiromo, Howard Kurtz, Shannon Bream, Bret Baier, Trish Regan, Raymond Arroyo, Jon Scott, and Leland Vittert* |
| June 15, 2021 |  |

**RULE 7.1.1 CERTIFICATION**

The undersigned hereby certifies that counsel for the parties met and conferred on two occasions regarding the subject of the foregoing request. Counsel for Plaintiff has indicated that Plaintiff opposes the request.

*/s/ David E. Ross*
David E. Ross (Bar No. 5228)